## MARCH *v.* THE PORTSMOUTH AND CONCORD RAILROAD.

If, in the rejection of a juror, a sufficient cause is assigned, the decision of the court upon the facts on which the exclusion is based, cannot be reversed in error.

Where a juror upon the panel, upon an appeal from an award by the railroad commissioners of damages for land taken for a railroad, was the son of another appellant, and upon his examination as to his impartiality, denied that he was sensible of any bias, but was excluded because, without any further testimony, it appeared to the court that he had strong feelings in relation to the case, it was not erroneous.

The evidence of the principal engineer of a railroad, as to the plan upon which it is to be finished, is admissible to affect the amount of damages for the land taken by the road.

To show the value of the land taken, evidence is admissible of the price obtained at an administrator's sale of an undivided part of the land.

Error in instructions to the jury, in order to set aside the verdict, must be of such a character as to afford a probable presumption that the jury were misled by them, to return a wrong verdict.

So where the jury were told, upon an appeal from the award of land damages by the railroad commissioners, that the law in relation to highways applied generally to railroads, and the court were not at the time asked to make the instructions more definite, it was held not sufficient to set aside the verdict.

A party cannot except to a misinstruction that operates in his favor.

Whether railroad companies are not bound to furnish suitable crossings over their roads, between the different parts of one owner's land, intersected by the road, *quære?*

But if they do provide them, they become the property of the land owner, and cannot be removed by the corporation, except when it becomes necessary to do so for the improvement of the road.

And when they are so made by the company, the jury, in assessing land damages, should not allow the expense of making crossings to the land owner.

Railroad corporations must provide suitable bridges and culverts for the natural flow of water crossed by their roads.

Where the amount of damages awarded by the commissioners to a land owner, is tendered, and is not increased on appeal, the appellant is not entitled to interest.

APPEAL from the award of the railroad commissioners, and the road commissioners of the county, allowing the appellant damages to the amount of $500, for land taken for the use of railroad.

At the trial in the court below, one of the jurors, the son of another appellant, upon examination as to his impartiality, denied that he was sensible of any bias in the case; but it appeared to the court that he had strong feelings in relation to the case, and he was excluded.

The principal engineer of the railroad was permitted to testify that the railroad across the premises taken from the appellant was not completed; and to state the plan upon which it was to be done; that the grade of the road was to be raised about two feet, by which a certain crossing on the appellant's land would be raised to nearly a level with the land upon each side, and a certain cattle-pass under the road made higher and more convenient.

Testimony was admitted for the defendants, of the price obtained at an administrator's sale at auction, for what was sold, as all the right, title and interest of the deceased, being one undivided fifth part of the premises from which the land in question in this case was taken; and also of the price obtained at a like sale for the right, title and interest of a person deceased, in a farm subject to certain mortgages set forth in the conditions of sale, what that right, &c., was, not being otherwise described in the conditions of sale.

The court instructed the jury that the law in relation to highways applies generally to railroads; that the corporation take only an easement in the land appraised for their railroad, and that the owner retains all the rights of ownership, subject to the right of the corporation to use it for the purposes of their road; that the owner of the land has the right to cross the road, and construct crossings over it for his use, but the corporation are not bound to furnish suitable crossings, and that the owner must therefore provide and maintain them for himself. That if, however, the corporation construct such crossings for his convenience, they become his property, and cannot be removed by the corporation, unless it should become necessary for the improvement of the road; and that the jury might therefore reasonably

consider and allow the expense of crossings provided by the corporation for the convenience of the owner of the land. That the corporation were bound to provide suitable culverts and bridges, to allow the water to flow under the railroad, and would be liable to an action, whenever they should neglect this duty, to the injury of adjoining lands. That the defendants, having tendered to the appellant the amount of damages awarded by the commissioners, the appellant was not entitled to interest on that sum.

The jury found a verdict for the same sum awarded by the commissioners, and the appellant moved to set the verdict aside, for the causes arising on the foregoing case.

*Hatch,* for the appellant.

1. The juror was improperly excluded. There was no evidence before the court, but that of the juror himself, who denied that he had any bias. What, then, had the court to go upon, in supposing that the juror had strong feelings in relation to the case? The fact that his father had a claim for damages, had no application here. Different claims for damages were independent of each other. An inhabitant of a town, to the use of which a penalty will go upon a conviction for an offence, may be a juror upon the trial of the offender. *Commonwealth* v. *Ryan,* 5 Mass. 90; *Middletown* v. *Ames & al.,* 7 Vt. 166. A free mason is not excluded, where one of the parties is a free mason and the other not. *Purple* v. *Horton,* 13 Wend. 9.

2. The testimony of the engineer was incompetent. He could only testify as to what he had heard the defendants say. The declarations of a party, not against his interest, are not admissible in his favor; but here it was for the interest of the defendants to make these statements as to the mode in which the road was to be built. At most, it was but a statement of present intention, not binding on their successors. The road may never be so completed, and the deductions made by the jury upon that supposition may

have been improperly made. *Callender* v. *Marsh*, 8 Pick. 431, 433; *Fowle* v. *Eastern Railroad*. It was said that a certain passage-way for cattle would be improved, but that is contingent merely.

3. The sale of an undivided interest in land is not evidence of the value of the whole.

4. The charge was wrong in stating that railroad corporations take only such an easement as common highways take. In the latter case, the public acquire no exclusive rights, but railroad corporations do. They get an absolute ownership, subject to be divested by non-user. This is implied in the statute of 1844, ch. 93, § 3, which provides that the corporations may be made public, if they cannot agree with the land owners for the purchase of the lands.

5. The instruction that the corporation, if they made the crossings, could only remove them when necessary for the improvement of the road, was wrong. We contend that they may be removed whenever the company choose. Therefore, they should not have been considered by the jury.

6. The defendants are not bound to make culverts. The statutes do not require it.

7. There is nothing in the statute adverse to the plaintiff's claim for interest and costs. He is therefore entitled.

*Bartlett*, for the defendant.

WILCOX, J. If the court below reject a juror regularly returned upon the panel, without any cause, it is error. But if they assign a cause in itself sufficient, this court cannot revise their decision upon the facts.

The case states that "it appeared to the court" that the juror excepted to "had strong feelings in relation to the case." Then, of course, he did not stand indifferent between the parties, and was properly excluded. It is said that the court decided without any evidence, because the juror was interrogated, and denied that he was sensible of

any bias, and no other evidence was offered. Jurors who live in the neighborhood where the transaction occurred which they are to pass upon, and which has there been the subject of much excitement and discussion, are often excluded, although they declare that they are not sensible of any bias or prejudice. The court may be satisfied from the circumstances, from the nature of the transaction, and the examination of the juror, that he is subject to strong prepossessions in the case, although he may not be aware of it. Jurors should be, as far as possible, free from the suspicion, even, of prejudice.

2. The testimony of the engineer was competent. Damages can scarcely ever be properly assessed before the construction of a railroad, without evidence as to the manner in which the road will probably or necessarily be constructed through the party's land. Their amount may depend very essentially on the fact whether there is to be a deep cut, a high embankment, or a track upon the level with the land. The surveyor's plan upon which the road is to be built may, therefore, be given in evidence, for railroads are necessarily built conformably to plans, and with great exactness. It is true that these are not certain and conclusive; they may be departed from for various reasons; difficulties may arise which were not foreseen; or another route may be deemed preferable. This shows that absolute certainty cannot be obtained, but does not prevent as close an approximation to be made as possible. It may, therefore, well enough be shown how the road must, or will probably, be constructed, and how the survey and location have been made; and these are matters for the jury to consider, remembering, at the same time, that the plan may be changed, and the road differently built, and awarding the damages upon the whole evidence.

3. To show the value of the land, evidence was admitted of the price obtained upon the sale of an undivided interest in the land; and this is objected to, upon the ground that

the sale of an *undivided* interest is no certain evidence of the value of the whole estate. It certainly is not a conclusive test; and it was pertinently inquired by the defendant's counsel, where is any certain and infallible standard of the value of real estate to be found? We have been accustomed to regard actual sales of real estate as affording a fair criterion of its value. The sale of an undivided interest is a less certain one, but still may be received and weighed by the jury.

4. The jury were instructed that the law in relation to highways applies generally to railroads; that a railroad corporation takes an easement only in the land, and that the owner retains all the rights of ownership, subject to the right of the company to use the land for the purposes of their road.

It is not a sufficient cause for setting aside a verdict, that the charge of the court may be open to verbal criticism, or that it is not in all respects correct. The error, if there be any, must be of such a character as to afford a probable presumption that the jury may have been led by it to return a wrong verdict. Especially is this the case where the instructions were very general in their character, and somewhat in the nature of illustrations, and the court were not asked, at the time, to make them more definite and precise. In the case before us, there can be no doubt of the general resemblance or analogy between the law of highways and the law of railroads, as laid down by the court, though in many particulars the rules of law applicable to the two kinds of road are unlike. It does not appear, however, that there was any thing in the evidence calling upon the court for more definiteness in this particular, or that the appellant requested more precise instructions. The jury were correctly told that the rights retained by the land owners were subject to the right of the corporation to use the land for the purposes of the road.

5. The jury were instructed that railroad corporations,

when their road passes through a tract of land, are not bound to provide suitable crossings for the land owner, but he must provide them for himself, and consequently is to be allowed for this expense, in the assessment of damages.

It is said that where a railroad corporation interrupts the communication between the different parts of a man's land, it is not such an obstruction of a "private way" that the corporation must provide the owner a substitute. Technically, there is some difficulty in having a "private way" over one's own land, and it would be especially difficult to recognize it where the owner is not accustomed to use any particular track, but to cross wherever he finds it most convenient. There is, however, room for question whether the term "private way," in railroad charters, is not used in a more common and liberal acceptation than the charge of the court implies; and whether it does not apply to all cases where the road interrupts the communication between the different parts of one's land, so that the corporation will be obliged to construct suitable crossings at proper places, for the use of the land owner. This is a point not free from doubt, but need not be considered. The charge of the court was sufficiently favorable to the appellant in this particular. If there was any error, its effect would be to increase the damages he was to receive.

The instruction that if the corporation should construct upon the land taken crossings for the use of the land owner, they became his property, and could not be removed by the corporation unless it should become necessary to do so for the improvement of the road, and that the jury might consider and allow the expense of such crossings in assessing damages, we think was substantially correct. The damage to the land owner, by the interruption, depends much upon the manner in which the railroad is built. Admitting that he must construct his own crossings, his damages will be more or less, according as the construction of the road makes the construction of the crossings more or less expensive ; and

if the road is so built that the land owner is at no expense for a crossing he can have no damages on that account. The only question then is as to the right of the company to remove such crossings erected by them. And we think they are like any other fixture placed upon the land of another for his benefit, and which cannot be removed without his consent. Especially would this be the result, when the erection of such crossings had been considered in the award of damages. If at the time of the original award, from which the appeal was taken, no such crossings had been constructed, it would be somewhat questionable, even if the corporation were not bound to provide crossings at their own expense, how far crossings made without the assent of the appellant, after the award, and especially after the appeal taken, could be considered in estimating the damages. But no such question is presented by the case as drawn, or has been raised upon the argument. The instruction which we are considering would seem to imply that, at the time of the trial, a crossing had been constructed; while the exception, and the instruction as to the testimony of the engineer, as strongly imply that, at that time, the road was not finished nor the crossings made. Perhaps there were several crossings. There is nothing, however, calling upon us for any expression of opinion upon the point suggested.

6. The instructions of the court as to the obligation of railroad corporations to provide suitable culverts and bridges, were correct. A railroad corporation has no right to interrupt or divert the natural flow and course of the water; to cut it off from those below, or to flow it back upon those above their road. They must provide by culverts, bridges and other means that the water may flow uninterruptedly in its accustomed channels; and if they neglect so to do, they are liable to the party injured, in an action for damages. Towns, in the construction and repair of highways, are under the same obligations and subject to the same liabilities. If, however, it should be found impracticable in

any particular case to construct a railroad without obstructing the natural course of a stream of water, private interest must then yield to public necessity, but compensation must be made to the sufferer. A railroad corporation have no more right to cover one's land with water, without compensation, than they have to cover it with the earth and rocks and rails of their track. They can no more take from an individual a stream of water, without compensation, than they can take the soil which he cultivates. And if they obstruct the natural flow of water, to the injury of another, without first making compensation, they are trespassers and wrong doers, and liable accordingly.

7. The amount awarded by the commissioners having been tendered to the appellant, he is not entitled to be allowed interest on that sum. The tender was necessary to authorize the construction of the road. If the appellant refused it, and took his appeal for the purpose of recovering larger damages, he did it at his own risk; and having failed to increase his damages, he cannot be allowed interest upon the amount tendered.

*Judgment on the verdict.*