Rockingham, } Feb. 5, 1952. }  No. 4088.

CALEB N. FOWLER *v.* CAROLENA C. TAYLOR.

*William H. Sleeper, Robert Shaw* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the plaintiff.

*Frank B. Batchelder* and *Russell H. McGuirk* (*Mr. McGuirk* orally), for the defendant.

JOHNSTON, C. J.   Subject to exception the plaintiff was not allowed to testify to the talk he had with his uncle, the mortgagee, as to whether there was any money owing to the uncle on the mortgage at any time.   The ruling of the Court was based upon R. L., c. 392, s. 25: "EXECUTOR PARTY.   When one party to a cause is an

executor, administrator or the guardian of an insane person, neither party shall testify in respect to facts which occurred in the lifetime of the deceased or prior to the ward's insanity, unless the executor, administrator or guardian elects so to testify, except as provided in the following section."

The defendant claims title as assignee of the rights of the decedent mortgagee. Accordingly, any admissions of the latter made while he owned the mortgage were admissible against the assignee. "Wherever the other person could by his acts have affected the title now held by the present party, the other person's admissions may be used as evidence in disparagement of that title." IV Wig. Ev. (3rd *ed.*) 144, note 1. *Blake* v. *White,* 13 N. H. 267; *Tenney* v. *Evans,* 14 N. H. 343, 350; 31 C. J. S. 1108; 20 Am. Jur. 516, 517, 522, 523.

Such testimony, of course, cannot be received from a party who is disqualified from testifying under the above quoted section 25. The said section is not pertinent to the present case because it applies only "when one party to a cause is an executor, administrator or the guardian of an insane person. . . ." The defendant does not come within this classification. That the disqualification will not be extended to situations where others than those designated in the statute are parties was held in *Crawford* v. *Robie,* 42 N. H. 162. In this case, the defendant was an insane person and the decision was made before the amendment including guardians of insane persons with executors and administrators was enacted in General Statutes, *c.* 209, *s.* 16, as suggested in the *Robie* opinion. See also, *Oullette* v. *Ledoux,* 92 N. H. 302, 304, 305.

Even when an administrator is a party, the disqualification of said section 25 does not apply if the administrator is the real party in interest. "As the plaintiff is prosecuting this appeal . . . for his personal benefit, the defendant was properly admitted to testify." *Chase* v. *Chase,* 66 N. H. 588, 592. In the present case, the exclusion of the offered testimony of the plaintiff on the ground of the statute was error and there should be a new trial.

The argument of the defendant that the offered testimony was not admissible until certain preliminary facts were found by the Court, namely, that the statement was in fact made by the declarant and in good faith, is based upon Massachusetts cases. This argument is based upon a statute of that Commonwealth (R. L., *c.* 175, *s.* 66 later G. L., *c.* 233, *s.* 65) and the cases are not controlling here.

In order to bar foreclosure of the mortgage by reason of the statute of limitations, the plaintiff must show that the possession of the mortgagor, who lived upon the mortgaged premises from the time of the execution of the mortgage until her death December 1, 1947, was not by permission of the mortgagee but was adverse to him for the statutory period. *Levensaler* v. *Batchelder,* 84 N. H. 192, 199. There was no such evidence and the dismissal was proper so far as that issue is concerned. Moreover, because of the principle that the statute of limitations may not be used as a means for affirmative relief and the further principle that a plaintiff seeking equitable relief must do equity, a mortgagor or his successor in interest is not entitled to have the foreclosure of a mortgage enjoined without paying the debt. "But he [the mortgagor] cannot use the statute of limitations as the basis of an affirmative suit, either to enjoin a foreclosure by power of sale, to compel surrender by a mortgagee in possession, or to cancel the mortgage as a cloud on title, except, of course, upon condition that he pay the debt with interest." 1 Glenn, Mortgages, 376, 377. *Talbott* v. *Hill,* 261 Fed. 244; *House* v. *Carr,* 185 N. Y. 453; 164 A. L. R. 1387, 1393. On the record before us the presumption of payment is of no benefit to the plaintiff. The presumption is rebuttable. *Levensaler* v. *Batchelder, supra,* 199. The only evidence on the record is that no payment was ever made.

Another argument of the defendant is that the plaintiff did not introduce evidence to support the allegation that Mary S. Fowler was seized in fee simple of the mortgaged premises. At the opening of the trial counsel for the plaintiff made a statement of what was admitted. Counsel for the defendant joined in this presentation of facts and it is understood that the facts then stated were agreed to by both sides. It was stated that Mary S. Fowler gave a mortgage of the real estate that is in dispute and that from the time the mortgage was given she lived on the premises continuously. This is inferred to mean that the mortgaged real estate belonged to Mary S. Fowler. It is sufficient proof of title in her to support a bill in equity for an injunction against the foreclosure of the mortgage on the ground of its invalidity.

*New trial.*

All concurred.