Rockingham,
No. 4789.

CHARLES E. HODGES *v.* KENSINGTON.

Argued December 2, 1959.

Decided January 27, 1960.

*Perkins, Holland & Donovan* (*Mr. Donovan* orally), for the plaintiff.

*George R. Scammon* (by brief and orally), for the defendant.

WHEELER, J. The chief contention of the defendant is that there was insufficient evidence to support the findings and rulings of the Trial Court.

In tax abatement cases, if a plaintiff shows that his property is assessed at more than its market value, he must go further and show that his assessment is disproportionate to that of other property in the taxing district. *Rollins* v. *Dover,* 93 N. H. 448.

"The relief granted in a petition for an abatement is equitable in nature. The plaintiff is entitled to be relieved of such sum, if any, as it has paid in excess of the common burden. *Amoskeag Mfg. Co.* v. *Manchester,* 70 N. H. 200, 205. The issue is whether the plaintiff's tax is greater than it should be with respect to the taxes of other property owners in the taxing district." *Bemis &c. Bag Co.* v. *Claremont,* 98 N. H. 446, 449.

The plaintiff's share of the common burden is that proportion of the total tax which the true value of his property bears to the true value of all the other taxable property in the town, and in order to get relief a petitioner must establish on the balance of probabilities that his burden of taxation is disproportionately higher in relation to its true value than that upon all other property in general. *Rollins* v. *Dover, supra.*

It is not understood that the defendant here disputes this general theory of the plaintiff's tax obligation, but the defendant asserts that since in this type of case the plaintiff is one party and all the remaining taxpayers in the taxing district constitute the other, the plaintiff cannot establish his right to equitable relief based on the evidence of a few isolated instances of disproportionate assessments.

The plaintiff, over the defendant's objection, offered testimony

through the defendant's selectman York, a man of twenty-four years' experience in that office, that for the tax year of 1956 the selectmen appraised all of the property in town at its fair market value and applied a ratio of fifty per cent thereof as the tax assessment value. No evidence was offered by the defendant to dispute this method. The evidence was competent. *Snow* v. *Sanbornton*, 102 N. H. 11.

The Court took a view of four similar properties in the town and received evidence of their assessed valuations and their recent sales prices. On this evidence it was findable that three of these properties sold for about twice their assessed valuations and that a fourth, which sold for over three times its assessed valuation brought a price in excess of its fair market value. On this evidence and the testimony of selectman York the Court could find that the other taxable property of the town was assessed at fifty per cent of its market value.

In determining the market value of plaintiff's property the Court had the benefit of the testimony of two experts that its fair market value was from $50,000 to $91,500. The Court found its true value to be $60,000. Since the selectmen had fixed its true value at $70,000, it was findable that the plaintiff was bearing more than his share of the common burden.

*Exceptions overruled.*

All concurred.