Rockingham,
No. 5411.

GOLDIE FREEDMAN

*v.*

EXETER.

Argued January 4, 1966.
Decided April 29, 1966.

*Robert A. Shaines* and *Fred J. Madrigan* ( *Mr. Madrigan* orally ), for the plaintiff.

*George R. Scammon* and *Robert G. Whitman* ( *Mr. Whitman* orally ), for the defendant.

LAMPRON, J. To prevail the plaintiff had to prove that her tax on this property was greater than it should have been with respect to the taxes of other property owners in Exeter. She bore the burden of showing that the assessment placed on her property was disproportionately higher in relation to its true value than was the case as to other property owners in the town. *Ainsworth* v. *Claremont,* 106 N. H. 85, 87.

The master found that the fair market value of plaintiff's property as of April 1, 1961 was $90,000. An expert witness called by the plaintiff placed the market value of her property on that

date at $90,000. The surviving selectmen of the three who appraised plaintiff's property as of April 1, 1961 fixed its fair value at $90,000. An expert witness called by the defendant arrived at a value of $115,000 for plaintiff's property as of April 1, 1961. The master's finding of a fair market value of $90,000 was amply supported by the evidence.

The master further found and ruled that plaintiff failed to sustain the burden of establishing that the actual ratio used by the selectmen in appraising property generally throughout the town in 1961 differed from the ratio used in taxing her property.

The two selectmen testified that they used a ratio of 50% to market value in assessing plaintiff's property and thus appraised it at $45,000. They also testified that they used the same ratio in assessing all of the real estate in the town of Exeter in that year.

There was evidence that a real estate appraiser for the State Tax Commission appraised, for equalization purposes ( RSA 71:11 V ), twenty-nine parcels of property in Exeter in 1960. These were all family dwellings except for three garages and sales rooms, and one small chemical plant. He testified that these dwellings are not comparable to a large business block such as that of plaintiff. On the properties which he appraised the ratio of assessed value placed on them by the selectmen to the market value found by him varied from a low of 15.4% to a high of 61.5% for an overall average of 32.6%. These properties constituted $147,750 of the $10,777,593 total valuation of the town or about 1.4%.

We hold that the following findings and ruling of the master were warranted by the evidence and properly made. "In view of the limited number of properties included within the samples, the fact that the sample was primarily limited to residential property, the wide variance in the ratio percentage between individual pieces of property within the sample and the fact that the study was made for a purpose other than establishing a ratio for tax assessment purposes, the master finds and rules that the findings of the Tax Commission, together with other evidence offered was not sufficient to sustain the burden of proof imposed upon the petitioner."

Since the plaintiff failed to show that the $45,000 assessment of her property was disproportionately higher in relation to true value than the assessments of other property in general in the

town, her petition for an abatement was properly dismissed. *Rollins* v. *Dover,* 93 N. H. 448, 450; *Hodges* v. *Kensington,* 102 N. H. 399, 400; *Ainsworth* v. *Claremont,* 106 N. H. 85, 87.

*Exceptions overruled.*

WHEELER, J., did not sit; the others concurred.