Hillsborough
No. 78-067

ADELARD BERTHIAUME & *a.*

v.

CITY OF NASHUA

September 27, 1978

*Hamblett & Kerrigan P.A.*, of Nashua (*Joseph M. Kerrigan* orally), for the plaintiff.

*H. Philip Howorth*, of Nashua (*Morgan A. Hollis* orally), for the defendant.

GRIMES, J.    This tax abatement case presents a similar question to that recently decided by this court in *Poorvu v. City of Nashua*, 118 N.H. 632, 392 A.2d 143 (1978). The narrow issue to be decided is whether the trial court committed reversible error by ruling that the plaintiffs had failed to introduce evidence as to the value of other properties in the city of Nashua. Based upon our reading of the transcript, we find that it did.

The plaintiffs own Rich's Shopping Center which consists of 718,740 square feet of land. From 1970 through 1973 the buildings on this land had 78,050 square feet of leasable area, but in 1973 the area was increased to 90,050. The total assessed value for the years 1970, 1971, and 1972 was $1,237,740. In 1973, the year during which an addition was commenced, the assessment was $1,329,840. In 1974 the assessment was $1,443,940.

Plaintiffs seek an abatement of taxes on the shopping center property for the years 1970 through 1974. The Nashua Board of Assessors denied this request, and plaintiffs appealed this decision to the superior court. RSA 76:17 (Supp. 1977). A trial resulted in a verdict for the defendant on all petitions. The Court (*Bois*, J.) reserved and transferred plaintiffs' exceptions to the court's findings and rulings of law.

Plaintiffs' expert witness testified that the fair market value of the plaintiffs' property was $772,000 in tax years 1970–73. He also testified that the fair market value was $907,000 in 1974. His testimony of value was based upon the capitalization of net income approach. It is well established that no single method of evaluation is controlling, but this method is an established and well-accepted method for determining the value of income-producing property. *Demoulas v. Town of Salem*, 116 N.H. 775, 780, 367 A.2d 588, 592 (1976); *Paras v. City of Portsmouth*, 115 N.H. 63, 67–68, 335 A.2d 304, 307–08 (1975). Indeed, the supervisor for the city's revaluation testified that for income-producing property such as plaintiffs', the capitalization approach is preferred over the reproduction cost less depreciation method.

Plaintiffs have the burden of showing that the assessment placed on the subject property was disproportionately higher in relation to its true value than was the case as to the other property in the city. *Duval v. Manchester*, 111 N.H. 375, 286 A.2d 612 (1971); *Freedman v. Exeter*, 107 N.H. 163, 219 A.2d 275 (1966). Plaintiffs

attempted to show this disproportionality by computing the ratio of assessed value of the subject property to its true value and then comparing those ratios to other property in the city. *See Hodges v. Kensington*, 102 N.H. 399, 157 A.2d 649 (1960). According to the testimony of plaintiffs' expert as to the true value of the subject property, the ratio of assessed value to market value ranged from 158 percent to 172 percent for the years in question.

Plaintiffs attempted to show the true value of the other property in various ways. The first was through the testimony of the director of the appraisal division of the State department of revenue administration. The director testified that every other year his office compiles the assessed value-market value ratio for each community. The market values the State uses are the sales prices as taken from the registry of deeds as verified by the parties and the assessment figures as supplied by the local assessors. From April 1, 1970, to April 1, 1971, the average ratio between the assessed value and the fair market value was 94 percent; from April 1, 1972, to April 1, 1973, the ratio was 79 percent; and from April 1, 1974, to April 1, 1975, the ratio was 64 percent.

Defendant contends that plaintiffs were obliged to show that the market in which the sales occurred was fair, and not depressed, and that reasonable efforts were made to find a buyer. We do not agree. The plaintiffs introduced evidence that only those transactions found to be arm's-length were used in the study. There is no requirement that the plaintiffs go further and introduce direct testimony regarding each and every sale used in the State average. This testimony provided evidence of the true value of a cross-section of real property in relation to the assessed value of such property during the period in question.

There is no presumption that sale price lacks probative value. The sale price of a piece of property is evidence of its value unless the court finds on evidence that there was not a fair market. *Eames v. Corporation*, 85 N.H. 379, 384, 159 A. 128, 131 (1932); *Poorvu v. City of Nashua*, 118 N.H. 632, 392 A.2d 143 (1978). There was no such evidence here.

The plaintiffs also introduced evidence of the sale prices and assessed values of several apartment complexes in Nashua. It is not necessary in attempting to prove disproportionality that the plaintiffs use only comparable properties. Comparability is important when the sale price of another property is offered as evidence of the value of the subject property. In an abatement case, however, the taxpayer need only " 'show that his valuation is disproportionate to

that of other property in general.' " *Ainsworth v. Claremont,* 106 N.H. 85, 87, 205 A.2d 356, 358 (1964), *quoting from Rollins v. Dover,* 93 N.H. 448, 44 A.2d 113 (1915).

The evidence produced by the plaintiff in this case would support but not compel a finding of disproportionality. It was error for the court to rule that there was no evidence of the value of other properties in Nashua.

The trial court also found that the plaintiffs had failed to prove that, in the general revaluation of the city in 1970, a different standard or method had been used to arrive at the assessed value of plaintiffs' property than was used for other shopping centers. The plaintiffs are not required to offer such evidence. That the city may or may not have used the same assessment method in arriving at the valuation of all shopping centers is not dispositive of the disproportionality issue. Plaintiff is not confined to showing disproportionality only as to other shopping centers, but may show disproportionality as to other property generally.

*Exceptions sustained; remanded.*

BOIS and BROCK, JJ., did not sit; the others concurred.