HOWARD H. POORVU

v.

CITY OF NASHUA

September 27, 1978

*Hamblett & Kerrigan P.A.*, of Nashua (*Joseph M. Kerrigan* orally), for the plaintiff.

*H. Philip Howorth*, of Nashua (*Morgan A. Hollis* orally), for the defendant.

GRIMES, J.  The issue in this tax abatement case is whether the trial court committed reversible error by ruling that the plaintiff had failed to introduce evidence as to the true market value of any other properties in the city of Nashua. We hold that it did.

Plaintiff is the owner of Riverview Garden, a three hundred forty-seven apartment complex situated on nine acres of land. The subject property was purchased by the plaintiff in 1972 for a total price of $1,625,000, of which $1,422,415 was for the land and buildings, and $202,585 was for certain personalty. The assessed value of the land and buildings was $1,475,510 in 1973 and 1974, and was $1,478,670 in 1976. Hence even if all of the acquired personalty is designated realty for the purpose of assessment, plaintiff's property was assessed at 91 percent of its purchase price.

Plaintiff seeks an abatement of taxes on the complex for the years 1973 through 1975. Upon the city's denial of his request, the plaintiff appealed to the superior court. A trial before *Perkins*, J., resulted in a judgment for the defendant on all petitions. *Flynn*, J., reserved and transferred plaintiff's exceptions to this court.

At trial the plaintiff sought to show a disproportionality of tax assessments by introducing the ratio of assessed value to sale price of five other allegedly similar apartment complexes. The ratios for these five properties ranged from 64 percent to 75 percent.

The court found that the assessed value of the subject property amounted to a greater percentage of actual sale price than did the assessed values of the five allegedly comparable properties. *See Hodges v. Town of Kensington*, 102 N.H. 399, 157 A.2d 649 (1960). Nevertheless, the court also found that the plaintiff had failed to introduce evidence as to the true value of any other properties in the city of Nashua.

The trial court's evidentiary finding is not supported by the record and requires a remand. The introduction into evidence of the sale prices of the five other apartment complexes is evidence of the true market value of those properties. *Cf. Public Serv. Co. of N.H. v. Town of Ashland*, 117 N.H. 635, 638, 377 A.2d 124, 125 (1977); *Paras v. City of Portsmouth*, 115 N.H. 63, 335 A.2d 304 (1975). The price paid by the owner is one of the best indicators of that property's value. P. Nichols, The Law of Eminent Domain §§ 12.311[1] and § 21.2 (rev. 3d ed. 1977). This rule has long been recognized in New Hampshire. *March v. The Portsmouth and Concord Railroad*, 19 N.H. 372, 377 (1849). Moreover, sale price is admissible as independent evidence and not merely as support for expert testimony. P. Nichols, *supra* § 12.311[3]. Therefore, unless it is found on evidence that the sale was not consummated in a fair market, the sale price of property stands as evidence of its value. *Eames v. Corporation*, 85 N.H. 379, 384, 159 A. 128, 131 (1932). No such evidence was produced in this case.

■ The sale prices of the comparable properties were introduced not as evidence of the value of the plaintiff's property, but as evidence of their own market value. They constituted evidence from which market value could be determined and from which it could be found that the assessed value of plaintiff's property amounted to a greater percentage of his property's market value than the assessed values of the comparable properties did to their respective market values. The evidence did not compel such a finding, but it was error for the court to rule as it did that there was no evidence of market value of other properties.

■■ The trial court seems to have ruled against plaintiff because he did not introduce evidence under the capitalization-of-net-income method of the other properties but did so as to his own property. There is no requirement that all methods of determining value be used by the plaintiff. *Vickerry Realty Co. Trust v. City of Nashua*, 116 N.H. 536, 539, 364 A.2d 626, 629 (1976). There is but one true market value to be determined by the court for each piece of property, and it is the duty of the court to determine that value from all the evidence before it even though all the various methods available for making that determination were not used.

*Exceptions sustained; remanded.*

BOIS, J., dissents; BROCK, J., did not sit; the others concurred.

■

Hillsborough
No. 78-054