Hillsborough
No. 78-121

JAMILA ANSARA

v.

CITY OF NASHUA & a.

December 20, 1978

*New Hampshire Legal Assistance, Ms. Marilyn Mahoney*, law student, Franklin Pierce Law Center, by brief (*Jeffrey A. Schapira* orally), for the plaintiff.

*H. Philip Howorth*, of Nashua, corporation counsel, by brief and orally, for the defendant.

*Sheehan, Phinney, Bass & Green,* of Manchester (*Stephen E. Weyl* orally), for amicus curiae, town of Hudson.

BOIS, J. ■ This reserved case requires us to consider the defendant city's exceptions to the Trial Court's (*Cann,* J.) findings of fact, rulings of law, and decree granting total abatement of the plaintiff's 1976 property taxes. The plaintiff homeowner alleges that she was entitled to an abatement because of poverty and inability to pay. We reaffirm the continued vitality of *Briggs' Petition,* 29 N.H. 547 (1854), in which we held that "poverty and inability to pay are good cause" for a tax abatement. 29 N.H. at 552. Nevertheless, we hold that the trial court made insufficient findings of fact to support the conclusion that the plaintiff is poor and unable to pay her property tax. We remand for further findings and disposition consistent with this opinion.

Jamila Ansara is a divorcee with two young children. She immigrated to New Hampshire from Beirut, Lebanon in 1968 and has been receiving Aid to Families with Dependent Children (AFDC) assistance for several years. In 1976, the plaintiff received $308 per month for the sustenance of her family. She had no other income from any other source. Plaintiff spent the entire monthly welfare grant for food, shelter (including mortgage payments), and clothing.

At the time Mrs. Ansara went on welfare, she owned the home that she presently occupies. She has been able to meet her mortgage payments with her welfare income, but has had difficulty meeting her yearly property tax bill. In 1975, the city granted her a partial abatement. The city denied her petition for abatement in 1976 and she instituted suit in superior court under RSA 76:17 (Supp. 1977), which grants jurisdiction to hear appeals and make orders "as justice requires."

■ ■ "The phrase 'as justice requires' in RSA 76:17 has been held to confer jurisdiction upon the superior court to issue equitable orders in abating taxes. . . ." *Tau Chapter v. Town of Durham,* 112 N.H. 233, 236, 293 A.2d 592, 593 (1972). The superior court is bound by principles of equity in tax abatement proceedings. *E.g., Edes v. Boardman,* 58 N.H. 580, 585 (1879). Further, the burden is on the plaintiff in a tax abatement proceeding to show that an abatement is justified. *Berthiaume v. City of Nashua,* 118 N.H. 646, 392 A.2d 143 (1978); *Dartmouth Corp. v. Town of Hanover,* 115 N.H. 26, 29, 332 A.2d 390, 392 (1975).

■ ■ It was conceded, at oral argument, that when the plaintiff filed her petition, alleging poverty and inability to pay her 1976

property tax, she had some equity in her home. We hold that plaintiffs who claim that they are entitled to an abatement because of poverty and inability to pay, and who have some equity in their homes, must show that it is not reasonable for them to relocate, refinance, or otherwise obtain additional public assistance. Without such a showing, the equities do not balance in the plaintiff's favor. *See, e.g., Fowler v. Taylor*, 97 N.H. 294, 297, 86 A.2d 325, 326 (1950) ("a plaintiff seeking equitable relief must do equity"). A plaintiff's showing that all of her income is spent on the essentials of existence is not, standing alone, enough to sustain a finding that she is entitled to a tax abatement because of poverty and inability to pay.

■ We hold that the trial court's finding that the plaintiff is entitled to an abatement on her 1976 property tax is unsupported by the necessary concomitant finding that it is not reasonable for her to relocate or to secure refinancing on the home in which she possessed substantial equity or that she was unable to obtain additional public assistance. We remand to the trial court for further hearing and findings on these issues.

*Remanded.*

All concurred.