Hillsborough
No. 78-172

MILFORD PROPERTIES, INC.

v.

TOWN OF MILFORD

March 23, 1979

*Faulkner, Plaut, Hanna, Zimmerman & Freund*, of Keene (*George R. Hanna* orally), for the plaintiff.

*Enright, Lizotte & Drescher*, of Milford (*Patrick J. Enright* orally), for the defendant.

BOIS, J.   These are three tax abatement cases brought pursuant to RSA 76:17 (Supp. 1977) for the years 1972 to 1975 inclusive. Trial before a Master (*Chester C. Eaton*, Esq.) resulted in dismissal of all the petitions. The plaintiff seasonably excepted to the master's report and to the decree entered in accordance therewith. All questions of law were reserved and transferred by *Flynn*, J. We reverse and remand.

Plaintiff corporation owns land and buildings in Milford. Plaintiff concedes that in 1972 all taxable real estate in Milford was correctly appraised and assessed at 100% of its fair market value. The record reveals that, since 1972, the property in question has been assessed at the valuation assigned to it in that year.

The burden is on the plaintiff to show that an abatement is justified, *Ansara v. City of Nashua*, 118 N.H. 879, 880, 395 A.2d 513,

515 (1978), and that burden is satisfied only when the plaintiff shows by a preponderance of the evidence that it was paying more than its proportional share. *New England Power Co. v. Town of Littleton*, 114 N.H. 594, 599, 326 A.2d 698, 701 (1974). "Plaintiffs have the burden of showing that the assessment placed on the subject property was disproportionately higher in relation to its true value than was the case as to the other property in the city." *Berthiaume v. City of Nashua*, 118 N.H. 646, 392 A.2d 143, 144 (1978); *accord, Amsler v. Town of South Hampton*, 117 N.H. 504, 507, 374 A.2d 959, 960 (1977).

At trial, the plaintiff sought to prove that its property was being taxed disproportionately to other properties in the community by establishing the fair market value of its property for the tax years in question, comparing it to the assessed value, and then proffering the equalization ratio compiled by the State department of revenue administration for Milford property in general. *See generally Duval v. City of Manchester*, 111 N.H. 375, 286 A.2d 612 (1971).

The parties had agreed that the ratio between the assessed value of all taxable property in Milford and the true value of all taxable property was 100% for the years 1972 and 1973 and 72% for the year 1975, according to the figures compiled by the State. Plaintiff was left to his proof as to the ratio for the year 1974. The director of the Appraisal Division of the New Hampshire Department of Revenue Administration testified as to the manner in which the department conducted "a sales ratio study to determine the equalization ratios for all the towns" and assigned a ratio of 72% for the disputed year.

The master found that there has been no subsequent "reappraisal . . . but the 1972 assessments having been adjusted to fair market value for the tax years 1972 through 1975 and were computed and approved . . . on the following basis: 1972—100%, 1973—100%, 1974—72%, 1975—72%." The plaintiff advises us that, because of the master's findings, it has abandoned its claim for the years 1972 and 1973.

The master further ruled that the testimony concerning the State equalization ratio (sales proportionality study) was irrelevant to the issue of disproportionality and excluded it from his consideration in the case.

■■ A trial court must consider the State-compiled equalization ratio on the issue of disproportionality of the taxation of a plaintiff's property and other properties in the community. *Berthiaume v. City of Nashua*, 118 N.H. 646, 392 A.2d 143 (1978). It is a factor that must be considered, but is not by itself enough when its accuracy is not agreed to by the town. *Snow v. City of Rochester*, 119 N.H. 181, 399 A.2d 972

(1979); *Freedman v. Town of Exeter*, 107 N.H. 163, 164, 219 A.2d 275, 277 (1966). Because the plaintiff must demonstrate that its property tax is "disproportionate to that of other property in general," *Ainsworth v. City of Claremont*, 106 N.H. 85, 87, 205 A.2d 356, 358 (1964), *quoting Rollins v. City of Dover*, 93 N.H. 448, 450, 44 A.2d 113, 114 (1945), if the town does not stipulate to its proffered ratio of assessment, the plaintiff must then introduce evidence supporting the statistical validity of the State equalization ratio, or a proportionality study of an independent expert, and show that it is based on a survey of a fair cross section of the city or town's real estate. *Snow v. City of Rochester*, 119 N.H. 181, 399 A.2d 972 (1979); *Executive Towers, Inc. v. Bd. of Assessors*, 79 Misc. 2d 821, 360 N.Y.S.2d 992, 997 (Sup. Ct. 1974).

The master in the present case erred when he ruled that the equalization ratios offered by the plaintiff were "not relevant to the issues" concerning disproportionality. We sustain the plaintiff's exception to this ruling.

We have recently held that it is the duty of the trial court or master to determine the true market value of the property that is the subject of a tax abatement petition or the true market values of the properties offered by a plaintiff for purposes of comparison. *Poorvu v. City of Nashua*, 118 N.H. 632, 392 A.2d 138, 139 (1978). The record sustains the plaintiff's claim that the master in this case did not specifically find and attribute the full and true market value to its property for the tax years 1974 and 1975.

We remand for a new hearing at which the master will accept and consider evidence of the equalization ratio and make findings concerning the fair market value of plaintiff's property for the tax years in dispute.

*Exceptions sustained; remanded.*

DOUGLAS, J., did not sit; GRIMES, J., concurs in the result, the others concur.