Strafford
No. 78-225

RICHARD C. SNOW *& a.*

v.

CITY OF ROCHESTER

March 23, 1979

*Walter L. Mitchell*, of Laconia, by brief and orally, for the plaintiff.

*William B. Cullimore*, of Farmington, by brief and orally, for the defendant.

DOUGLAS, J.    The principal issue in this case is whether an expert appraiser in a tax abatement appeal obtained an adequate cross section of real estate sales data to support his opinion that plaintiffs' property was improperly assessed. The case was heard by a Master (*Mayland H. Morse, Jr.*, Esq.), who ruled in favor of the plaintiffs. Defendant's exceptions were transferred by *Bean*, J.

Plaintiffs own commercial property consisting of one block of old buildings in downtown Rochester. As of April 1, 1976, the property was assessed for $248,850. The taxes of $11,745.72 were paid under protest, an abatement request was denied, and an appeal to superior court followed. The master abated the amount of the taxes that was based upon an assessment in excess of $108,120. Plaintiffs' evidence convinced the master that the fair market value for the property was $204,000, which, at an average ratio of assessment to true value for property in Rochester of 53%, yielded a proper assessment of $108,120 for purposes of taxation.

    "Plaintiffs have the burden of showing that the assessment placed on the subject property was disproportionately higher in relation to its true value than was the case as to the other property in the city." *Berthiaume v. City of Nashua*, 118 N.H. 646, 647, 392 A.2d 143, 144 (1978). The defendant asserts that the quantum and type of evidence necessary to meet this burden was, as a matter of law, insufficient in this case. We disagree.

Defendant first asserts that the expert appraiser for the plaintiffs, John Hyde of Concord, relied excessively on the equalized valuation

ratios established by the State board of taxation. The city incorrectly relies on *Freedman v. Exeter,* 107 N.H. 163, 219 A.2d 275 (1966), to support its contention that a taxpayer must present some evidence in addition to the ratio established by a State agency for purposes of the equalization formula under the former RSA 71:11 V, *now* RSA 71-B:5 II (Supp. 1977). In that case, the plaintiff's property consisted of a large business block, and the appraisal upon which she relied was based on a small number of property samples which were "primarily limited to residential property." *Id.* at 164, 219 A.2d at 277. The appraisal contained a "wide variance in the ratio percentage between individual pieces of property within the sample." *Id.* In view of these factors and "the fact that the study was made for a purpose other than establishing a ratio for tax assessment purposes," *id.*, the court held that the plaintiff in *Freedman* did not sustain her burden of proof.

In the case at hand, the plaintiffs' expert testified that the State had arrived at ratios of 54% and 49% on two recent occasions. The State figures merely confirmed and "lent confidence" to Mr. Hyde's figure of 53%. Neither the master nor Mr. Hyde relied on the State figures or adopted them as criteria. Mr. Hyde conducted his own independent study of over one hundred properties in arriving at his 53% figure, and as an expert his testimony was properly weighed and adopted by the master. *See Brewster v. State,* 107 N.H. 226, 219 A.2d 706 (1966) (eminent domain valuation).

■ ■ Defendant argues that while Mr. Hyde's study need not reflect a review of each and every property in Rochester—a practical impossibility—it should at least represent a fair cross section of the properties in the city. We agree with the latter proposition. *See Wolf v. Assessors of the Town of Hanover,* 308 N.Y. 416, 421, 126 N.E.2d 537, 541 (1955). A fair cross section must be based upon a valid sample. *See Berthiaume v. City of Nashua,* 118 N.H. 646, 392 A.2d 143 (1978). While Mr. Hyde agreed that he had no specific figures on the proportion of commercial, industrial, and residential properties in the city, he studied 131 recent transfers including six commercial and two industrial properties. Mr. Hyde said that he got "to the point where . . . the number that I used . . . was an adequate cross section, because everything began to fall into the same pattern." In a detailed and well-written report, the master concluded that "an adequate sampling of properties has been used to justify the plaintiffs' conclusion." We find no error.

*Exceptions overruled.*

GRIMES, J., concurred in the result; the others concurred.