WISE SHOE COMPANY, INC.

v.

TOWN OF EXETER

SPORTS-TEK, INC.

v.

TOWN OF EXETER

August 20, 1979

*Holland, Donovan, Beckett & Welch*, of Exeter (*William H. M. Beckett* orally), for the plaintiffs.

*Robert Shaw*, of Exeter, by brief and orally, for the town of Exeter.

LAMPRON, C.J. These are two tax abatement cases brought pursuant to RSA 76:17 (Supp. 1977) for the years 1975 and 1976. The

Trial Court, *Goode*, J., dismissed the petitions. The plaintiffs seasonably excepted to the trial court's decree and all questions of law were reserved and transferred.

In March 1976, the Wise Shoe Company, Inc., filed a petition for abatement of taxes with the town of Exeter for property it owned on April 1, 1975. The assessed value of the property was $219,800. The town denied the abatement petition.

In November 1976, Wise Shoe Company, Inc., sold the property to Sports-Tek, Inc., which petitioned the town for abatement of the 1976 taxes. The assessed value of the property in 1976 was $219,000, and the town denied this abatement petition as well.

The plaintiffs then petitioned the superior court for abatement of the taxes. In April 1977, Wise Shoe Company, Inc., assigned its interest in the case to Sports-Tek, Inc., and in February 1978, the Trial Court, *Mullavey*, J., granted a motion to consolidate the cases. After a hearing in March 1978, the Trial Court, *Goode*, J., granted the defendant's motion to dismiss both actions. In *Wise Shoe Company*, the court found that the assignee was not liable for the 1975 taxes and thus was not a person aggrieved by the assessment as is required by RSA 76:16 and :17 (Supp. 1977). In *Sports-Tek, Inc.*, the court found that the plaintiff failed to show that its tax burden was disproportionate.

This case presents two issues: (1) whether the trial court erred in finding the evidence insufficient to establish that the plaintiff was being taxed disproportionately, and (2) whether the trial court erred in finding that Sports-Tek, Inc., cannot maintain an action for abatement of the 1975 taxes.

■■ To show that an abatement is justified, the plaintiff must prove by a preponderance of the evidence that the assessment placed on its property was disproportionately higher in relation to its true value than as to other property in general in the taxing district. *Milford Properties, Inc. v. Town of Milford*, 119 N.H. 165, 400 A.2d 41 (1979). The plaintiff may show that its property is being taxed disproportionately by establishing the fair market value of the property for the tax years in question, comparing it to the assessed value, and establishing by agreement or otherwise, the equalization ratio used in the assessment of property in the taxing district during the disputed years. *See Milford Properties, Inc. v. Town of Milford*, 119 N.H. 165, 400 A.2d 41 (1979). *See generally Duval v. City of Manchester*, 111 N.H. 375, 286 A.2d 612 (1971).

The plaintiff, Sports-Tek, Inc., offered testimony establishing that the fair market value of the property in both years was $110,000, that the assessed value was $219,800 in 1975, and $219,000 in 1976, and

that in both years the town assessed real estate at 100% of fair market value. On the basis of these figures, the plaintiff contends that its tax assessment was roughly double the fair market value of its property and consequently, it bore a disproportionate tax burden. Nevertheless, the trial court concluded that an abatement was not warranted.

■ Evidence exists to support the trial court's decision. The defendant's expert real estate appraiser testified that the fair market value of the property in 1975 and 1976 was $243,000. Also there was testimony that the plaintiff purchased the property in 1976 for $225,000. *Poorvu v. City of Nashua*, 118 N.H. 632, 633, 392 A.2d 138, 139 (1978). This evidence establishes a fair market value that is roughly double the appraisal offered by the plaintiff's expert. When the equalization ratio is applied to these higher figures, the resulting assessed values are in a range consistent with the town's figures. The defendant's expert also raised substantial doubts regarding the method the plaintiff's expert used to arrive at the $110,000 figure. This court's function is to determine whether there was sufficient evidence to support the trial court's decision. *Garland & LaChance Constr. Co. v. City of Keene*, 117 N.H. 920, 921, 379 A.2d 1259, 1260 (1977). Because such evidence is present, we sustain the trial court's ruling, which dismissed the petition for abatement on the 1976 taxes.

The trial court dismissed the petition for abatement of the 1975 taxes on the ground that Sports-Tek, Inc., did not own the property on April 1, 1975, and did not become a "person aggrieved" under RSA 76:16 and :17 (Supp. 1977) when Wise Shoe Company, Inc., assigned its claim for abatement to Sports-Tek, Inc., as part of their agreement of purchase and sale.

Under "modern law the assignability of things in action is the rule, and nonassignability the exception." 6 AM. JUR. 2d *Assignments* § 29 (1963). This court has held recently in *Langford v. Town of Newton*, 119 N.H. 470, 403 A.2d 414 (1979) that an owner who purchased the premises after April 1, and who naturally had not filed an inventory on or before April 1, was a "person aggrieved" under RSA 76:16 and :17 (Supp. 1977) and could maintain a petition for abatement of that year's taxes provided his predecessor in title had timely filed an inventory. RSA ch. 74.

■ The basis of the above holding was that the owner on April 1, having filed an inventory of that property, forwarded to the town all the necessary aid for the selectmen to make their invoices, which is the main purpose of an inventory. *Arlington Mills v. Town of Salem*, 83

N.H. 148, 154, 140 A. 163, 166 (1927). Thus no prejudice to the town resulted. The same reasoning applies to the assignment in this case. The trial court erroneously dismissed the petition for the abatement of the 1975 taxes on the ground that the assignment did not give Sports-Tek, Inc., standing as a "person aggrieved." We sustain plaintiff's exception thereto.

Nonetheless, the petitions for abatement of the 1975 and 1976 taxes were tried together as one case. The same witnesses and the same evidence were presented in both cases. The trial court must have been convinced by the evidence that the plaintiff failed to prove a disproportional assessment of its property for the tax year 1976 and we have held that the record supported the court's dismissal of that petition on that ground. We hold as a matter of law that the record, likewise, would not require a granting of the petition for abatement of the 1975 taxes.

*Petitions dismissed.*

GRIMES, J., did not sit; the others concurred.