Hillsborough
No. 79-396

MILFORD PROPERTIES, INC.

v.

TOWN OF MILFORD

September 10, 1980

*Faulkner, Plaut, Hanna, Zimmerman & Freund,* of Keene, by brief for the plaintiff.

*Enright, Lizotte & Drescher,* of Milford, by brief for the defendant.

BOIS, J.    These are tax abatement cases that were previously remanded to the superior court. *See Milford Props., Inc. v. Town of Milford,* 119 N.H. 165, 400 A.2d 41 (1979). The cases were submitted to a Master (*Chester C. Eaton,* Esq.), who recommended that the plaintiff's petitions for abatement be dismissed. *Goode,* J., approved the master's recommendation and reserved and transferred the plaintiff's exceptions. We reverse in part and sustain in part.

The master found, as stipulated to by the parties, that the fair market value as well as the assessed value of the property at issue was $101,200 for the years 1974 and 1975, and that the State equalization ratio was 72%. On that basis he ruled that the property was assessed with the same standard of valuation used in the assessment of other properties in the  town, and that the plaintiff failed to demonstrate that its taxes were disproportionate to those of other properties in general. *See Snow v. City of Rochester,* 119 N.H. 181, 399 A.2d 972 (1979); *Milford Props., Inc. v. Town of Milford,* 119 N.H 165, 400 A.2d 41 (1979); *Wise Shoe Co., Inc. v. Town of Exeter,* 119 N.H. 700, 406 A.2d 720 (1979); *Berthiaume v. City of Nashua,* 118 N.H. 646, 392 A.2d 143 (1978).

The plaintiff claims that the parties have agreed on the fair market value of the property at issue and on the ratio between the assessed value and the fair market value of all property in the town. He argues that nothing remains to be done to arrive at the correct assessed value other than to multiply the fair market value by that ratio, and that such a computation here reveals a disproportionate assessment of his property.

The town, however, challenges the statistical validity of the ratio arrived at by the State and claims that the plaintiff's proposed manner of utilizing it is contra to its statutory purpose. *See* RSA 71-A:11 XII (Supp. 1979). Relying on *Snow v. City of Rochester,* 119 N.H. 181, 399 A.2d 972 (1979), it argues that because it has agreed only to the State's equalization ratio and not to its validity, the plaintiff is required to offer independent expert evidence to validate the accuracy of the State's ratio.

We have recently held that "[t]he plaintiff may show that its property is being taxed disproportionately by establishing the fair market value of the property for the tax years in question,

comparing it to the assessed value, and establishing by agreement or otherwise, the equalization ratio used in the assessment of property in the taxing district during the disputed years." *Wise Shoe Co., Inc. v. Town of Exeter*, 119 N.H. 700, 701, 406 A.2d 720, 722 (1979).

The record reveals that the parties agreed that the State's equalization ratio was 72% for both 1974 and 1975, the years at issue, but the town asserted that it was not arrived at in a proper manner and did not represent the actual ratio. However, there is unchallenged testimony by a witness from the State Department of Revenue Administration that the ratio actually used by the town was 100% in 1974 and 72% in 1975.

■■ Where there was no evidence that the town had used the 72% ratio in 1974, it was incumbent upon the plaintiff to establish the actual ratio of the assessed value to fair market value of other properties in the town for that year. *Snow v. City of Rochester supra*. This it failed to do. However, where there was uncontroverted evidence that the town used the State's 72% equalization ratio in its assessment process for the year 1975, it is therefore bound by that evidence and cannot deny its validity in a tax abatement proceeding for that year.

Accordingly, on the record before us, we find that the master did not err in ruling in favor of the town for the year 1974. We hold as a matter of law, however, that the plaintiff sustained its burden of proof for the year 1975. Accordingly the order is

*Judgment for the defendant for the year 1974; judgment for the plaintiff for the year 1975.*

All concurred.