Board of Taxation
No. 80-082

APPEAL OF EARL K. ANDERSON

(New Hampshire Board of Taxation)

November 13, 1980

*Faulkner, Plaut, Hanna, Zimmerman & Freund*, of Keene, by brief for the plaintiff.

*Bradley & Talbot*, of Keene, by brief for the Town of Surry.

GRIMES, C.J.   In this appeal brought pursuant to RSA 76:16-a V (Supp. 1979), the plaintiff seeks to overturn the decision of the board of taxation denying him an abatement of taxes assessed upon certain of his property located in Surry.

The plaintiff owns a 41.5-acre tract of land located in the town of Surry, New Hampshire. In March 1978, the plaintiff purchased a 1961 mobile home for $1,900, which he subsequently located on his Surry property. In April of that year, the plaintiff applied to the town for current use treatment of the parcel. *See* RSA ch. 79-A (Supp. 1979). It appears that the town classified one acre of the plaintiff's parcel as a homesite because of the presence of the mobile home, and consequently assessed the homesite at market value. The town did accord the balance of the tract current use treatment. The town also determined that the mobile home was taxable and assessed it at $2,900, $1,000 more than the plaintiff had paid for it. As a consequence of the town's action, the plaintiff's 1978 tax bill on the Surry property increased by $188.49. In March 1979, the plaintiff applied to the Surry selectmen for an abatement, which was denied. Thereafter, the plaintiff applied to the board of taxation for an abatement under RSA 76:16-a I (Supp. 1979).

The board held a hearing on the plaintiff's request for an abatement on January 3, 1980, at which hearing only the plaintiff appeared, *pro se*. In an order dated January 23, the board denied

the plaintiff's request. The plaintiff thereafter engaged counsel who proceeded to file a notice of appeal with this court under RSA 76:16-a V (Supp. 1979).

The plaintiff first attacks the denial of the abatement on the grounds that there was no evidence before either the selectmen or the board to warrant assessing the mobile home at $2,900. He asserts that because the only evidence of value was his purchase price of $1,900, the board's decision should be overturned. We disagree.

Initially, we note the absence of a transcript of the January 3, 1980, hearing. Ordinarily, without a transcript we will not consider whether there was sufficient evidence to support the administrative tribunal's findings. *Cf. McCrady v. Mahon*, 119 N.H. 247, 400 A.2d 1173 (1979) (sufficiency of evidence to support master's findings cannot be raised in absence of transcript). Here, however, our examination of the certified record reveals that the board had before it the report of the town's appraiser which supports an assessment of $2,900.

■ ■ The statutes of the State are silent about the methods to be used in the valuation of property for taxes, and this court therefore permits considerable leeway. *Paras v. Portsmouth*, 115 N.H. 63, 67, 335 A.2d 304, 307–08 (1975). Although the sale price of property is quite relevant to the issue of its value, *Berthiaume v. City of Nashua*, 118 N.H. 646, 392 A.2d 143 (1978), it is but one element to consider in arriving at a just valuation for tax purposes. *Poorvu v. City of Nashua*, 118 N.H. 632, 392 A.2d 138 (1978); 84 C.J.S. *Taxation* § 410 (1954); Annot., 160 A.L.R. 684 (1946). Consequently, with the report of the town's assessor, the board could properly have concluded that the plaintiff had failed to meet his burden of proving that the assessments on his property were disproportionately greater than those on other property owners in Surry. *Dartmouth Corp. of Alpha Delta v. Hanover*, 115 N.H. 26, 29, 332 A.2d 390, 392 (1975).

The plaintiff attacks the classification of the one acre as a homesite because of the placement thereon of the mobile home. The plaintiff asserts that he did not own the trailer on April 1 of 1978, the tax year in question and thus, its presence should not affect his property's assessment. He further urges that because placement of the mobile home on the property was impermissible under local zoning regulations and because the mobile home was not connected to utilities and was seldom occupied, there was no change in use sufficient to disqualify the one acre from current use taxation.

■ We first note that contrary to the plaintiff's position on appeal, there was evidence before the board that the mobile home was purchased by the plaintiff on March 25, 1978, and was in place on the Surry property prior to April 1 of the tax year. RSA 72:7-a I (Supp. 1979). The only exception to taxation provided by the statute relates to travel trailers located in a town "for storage only." *Id.* The board correctly reasoned that the mobile home in question, measuring 10 by 45 feet and deployed with an expandable room, was not a travel trailer within the meaning of the statute. We agree with the board that inasmuch as the plaintiff acknowledged occasional overnight use of the mobile home, it was not located on the premises "for storage only", and was therefore amenable to taxation.

■■ The next consideration is whether the presence of the mobile home on the plaintiff's property is incompatible with current use tax treatment of the land. The plaintiff seeks to have the entire parcel including the one acre classified as "wild land." RSA 79-A:2 XIII (Supp. 1979) defines "wild land" as "any unimproved land upon which there are *no detrimental structures* ...." (Emphasis added.) Under the circumstances as found by the board, we agree that the plaintiff's mobile home constituted a "detrimental structure." We do not find the absence of utilities service to be controlling. Moreover, the plaintiff indicated an intent to extend utilities to the mobile home after obtaining a variance from the town authorizing the placement of it on the subject premises. We agree with the board that the plaintiff may not assert his failure to obtain a variance for the mobile home as a bar to a change in tax status.

Finally, we consider whether the board erred in determining that the placement of the mobile home on the plaintiff's premises deprives the entire parcel of current use tax treatment. In so ruling, the board relied upon a regulation promulgated under RSA 79-A:4 (Supp. 1979) by the current use advisory board which provides: "Once accepted as 'unproductive wild land' and assessed as such, the development of any portion of the qualified parcel disqualifies the entire parcel for classification as 'unproductive wild land.' " Part one, section III C.1, *Current Use Assessment Instruction Manual For Assessing Officials For Use During Tax Year 1978.*

■ Plaintiff attacks the legality of the regulation, but because the advisory board is not a party, we do not pass upon the validity of this regulation. *See Blue Mountain Forest Ass'n v. Town of*

*Croydon*, 119 N.H. 202, 400 A.2d 55 (1979). However, even assuming its validity, it does not apply to the present case. Here the town has classified all but one acre of the plaintiff's 41.5 acres under current use as wild land. Since classification, the plaintiff has not developed any part of the 40.5 acres classified under current use and it, therefore, does not become disqualified under the regulation. Because the town has not reclassified the 40.5 acres, we make no order with respect thereto.

*Appeal dismissed.*

All concurred.