Strafford
No. 81-446

THE STATE OF NEW HAMPSHIRE

v.

NORBERT R. THERRIEN

May 9, 1983

*Gregory H. Smith*, attorney general (*Steven M. Houran*, attorney, on the brief and orally), for the State.

*Craig, Wenners, Craig & McDowell*, of Manchester (*Vincent A. Wenners, Jr.*, on the brief and orally), for the defendant.

BATCHELDER, J.   This is an appeal from a jury verdict in an eminent domain case. The Trial Court (*Goode*, J.) admitted into evidence the fact that the defendant's title to the condemned premises was acquired by a tax sale and that the purported purchase price was $8,000. We hold that this evidence was irrelevant and unduly prejudicial to the deliberations of the jury, and we reverse.

Although the price paid by the owner is one of the best indicators of that property's value, the sale must have been consummated in a fair market if that price is to be admissible as evidence of the property's value. *Poorvu v. City of Nashua*, 118 N.H. 632, 633, 392 A.2d 138, 139 (1978). The price paid at a forced sale is not admissible as evidence of property value. 5 P. NICHOLS, THE LAW OF EMINENT DOMAIN § 21.32, at 21-90 to -91 (Sackman 3d rev. ed. 1981).

Tax sales are not voluntary and are considered as "forced sales." *Mayor and City Council of Baltimore v. Kelso*, 46 Md. App. 285, 296–97, 416 A.2d 1339, 1345 (1980). Evidence of the purchase price at a tax sale is, therefore, irrelevant to the determination of a fair market price. *Id.; cf. E & F Realty v. Commissioner of Transp.*, 173 Conn. 247, 253, 377 A.2d 302, 305 (1977) (no error where evidence of price paid in "distress" sale excluded because such a sale is not fair market transaction). It is difficult to find a transaction more forced than one in which property is seized and sold for the nonpayment of taxes and, accordingly, we find that the trial court erred in admitting the purported price the defendant paid for the property at such a sale.

The defendant also contends that the trial court's order that interest on the jury award above the State's deposit of damages should not accrue after the date of a continuance sought by him. In the early stages of these proceedings the trial court granted a continuance after a jury initially had been impaneled, and after the court's adverse rulings on the admissibility of the landowner's evidence of comparable sales. The continuance was granted in order to permit him to obtain a new expert because the court had ruled that the testimony of the landowner's original expert was inadmissible because it was based on sales of property in Maine. The State sought, and the trial court granted, an abatement of the accrual of interest upon the amount of the verdict exceeding the deposit of damages from the date of the continuance.

The record discloses no findings by the court to support such an order, and RSA 498-A:11, I (Supp. 1982), which provides for interest pending the final award, is silent on this issue. The defendant should not be prevented from collecting such interest. The order to prevent the accrual of interest therefore is vacated.

Finally, we hold that whether the sales of Maine real estate are comparable sales, and therefore admissible, are questions of fact for the trial judge on remand.

*Reversed and remanded.*

All concurred.