Belknap, }
June 29, 1905. }

WINNIPISEOGEE LAKE COTTON AND WOOLEN MANUFACTUR-
ING CO. v. LACONIA.

SAME v. SAME.

SAME v. SAME.

SAME v. SAME.

The mere fact that the plaintiff's property is assessed upon a lower valuation
than that of other similar property in the town does not furnish sufficient
reason for the dismissal of his petition for an abatement of taxes.

An abatement of taxes is granted only when it appears that the petitioner's
property is assessed at a ratio of valuation greater than that of all other
property, real and personal, in the town.

PETITIONS, for abatements of a portion of the taxes assessed
upon the plaintiffs' real estate in the years 1893 to 1896 inclusive.
Facts found and transferred by the former supreme court.

The real estate was appraised for taxation in 1893 at $60,000,
in 1894 at $68,600, and in 1895 and 1896 at $67,100. By agree-
ment of the parties, the findings in *Winnipiseogee etc. Co.* v. *Gil-
ford*, 67 N. H. 514, upon which judgment was rendered at the
March adjourned term, 1894 (68 N. H. 284), were put in evi-
dence. After the plaintiffs had called some twenty witnesses to
show the ratio of the assessed value of real estate generally in La-
conia to its actual value as shown by sales, during the years men-
tioned in the petitions, the parties agreed that such ratio was
seventy per cent in 1893, and seventy-two and one half per cent
in the other years. So far as appeared, there was no appreciable
change in the relative conditions between the actual value of prop-
erty in Laconia in 1890, '91, and '92, and the actual value in the
years 1893 to 1896, inclusive. It was found that the full and true
value in money of the plaintiffs' property, as compared with the full
and true value of all the taxable estate in the city, was, in all the four
years last mentioned, $57,000, and that the plaintiffs' taxes should
be abated to conform to this valuation and the aforesaid agreed
ratios. The defendants excepted to these findings, on the ground
that they were against the evidence. The foregoing was all the
evidence offered by the plaintiffs to prove that their property was
assessed upon a higher valuation than that of other property gen-
erally in Laconia, in the years to which the petitions relate.

The defendants excepted to the denial of their motion to dis-
miss the petitions on the ground that the evidence tended to show

that the plaintiffs' property was not assessed so high relatively as the same kind of property of others in Laconia engaged in a similar business.

*Charles B. Hibbard* and *Harry G. Sargent*, for the plaintiffs.

*Stephen S. Jewett* and *Frank S. Streeter*, for the defendants.

CHASE, J. The exception to the denial of the defendants' motion to dismiss the petitions, because the evidence tended to prove that the plaintiffs' property was assessed upon a lower valuation than that of other similar property in Laconia, must be overruled. If such were the fact, it would not necessarily follow that the plaintiffs are not entitled to the relief they seek. When the valuation of their property is compared with the valuation of—not other similar real estate merely, but—all other taxable property in the city, it may appear that their valuation was too large and caused an inequitable tax. *Amoskeag Mfg. Co.* v. *Manchester*, 70 N. H. 200; *S. C.*, 70 N. H. 336.

The competency of the findings in the earlier case of the plaintiffs against Gilford (67 N. H. 514), as evidence of the actual value of the plaintiffs' property, is not in question, since they were put in evidence under an agreement of the parties. As these findings furnished some evidence on the question of value, the defendants' exception to the court's finding upon this point, on the ground that it was against the evidence, raises no question of law.

It was also found, or rather ruled as matter of law, that the plaintiffs' taxes should be abated to conform to such valuation and the "aforesaid agreed ratios." The special reason assigned for the exception does not apply, so far as this part of the finding, or this ruling, is concerned. The ratios referred to were agreed to. But according to the record, the ratios related to the assessed value of real estate generally in Laconia, as compared with its actual value shown by sales, and the position is now taken that they do not justify an abatement of the taxes as ruled; that the ratios required for this purpose are those which exist between the assessed valuation of all property, real and personal, in the defendant city, other than the plaintiffs', and the true value of all such property. This position is well taken (*Amoskeag Mfg. Co.* v. *Manchester*, 70 N. H. 200; *S. C.*, 70 N. H. 336); and unless the plaintiffs procure an amendment showing that the ratios agreed to were of the latter nature, there must be a further hearing to determine this question. No error being shown in the making of the finding of the true value of the plaintiffs' property at the times referred to in the petitions, there is no occasion for a further hearing relating to that

matter. *Lisbon* v. *Lyman*, 49 N. H. 553, 582. When the ratios are found or agreed to, they, together with the true valuation of the plaintiffs' property and the tax rates, will enable the court to determine the extent of the abatements to which the plaintiffs are entitled, by an application of the law as decided in *Amoskeag Mfg. Co.* v. *Manchester, supra.*

*Case discharged.*

PARSONS, C. J., and WALKER, J., did not sit: the others concurred.