ASHTON ROLLINS *v*. CITY OF DOVER.

*Charles F. Hartnett* (by brief and orally.), for the plaintiff.

*James M. Jackson*, City Solicitor, by brief, for the defendant.

PAGE, J. On the question of ratio, an expert produced by the plaintiff testified that in his opinion property in Dover as a whole was assessed in the years 1940 through 1943 at from 60 to 66 per cent of its actual or market value. Another expert placed the ratio at 58 to 60 per cent on all property. The defendant's motion to dismiss was properly denied.

There remains for consideration the exception to the decree. The mathematical basis of the decree seems not to be questioned, and its correctness is apparent.

Taxes upon estates must, under our Constitution, be both proportional and reasonable. Reasonable and just have the same meaning in this connection. Taxes must be not merely proportional, "but in due proportion, so that each individual's just share, and no more, shall fall upon him." *Opinion of the Justices*, 4 N. H. 565, 569. An equal division of burden requires that the same rate shall be applied to a proportional valuation of all property taxed in a given district. *Opinion of the Justices*, 76 N. H. 588, 591.

"What each is bound to contribute being a debt of constitutional

origin and obligation, no part of the share of one can be constitutionally exacted of another. And as any one's payment of less than his share leaves more than their shares to be paid by his neighbors, his non-payment of his full share is a violation of their constitutional right.

"Such non-payment is, in effect, a compulsory payment of money, by those who bear their shares of the common burden, to the privileged person who does not bear his share. . . .

"The relief to which the plaintiff is entitled is a release from so much of the tax assessed to him as is in excess of his share. Such order is to be made as justice requires." *Morrison* v. *Manchester*, 58 N. H. 538, 549, 550.

"A disproportional, unequal assessment, so far as it is disproportional and unequal, is an act, not of taxation, but of confiscation, destitute of that element of equal rights which, under our constitution, is an essential part of the definition of law." *Boston &c. Railroad* v. *State*, 60 N. H. 87, 94.

Consequently, in petitions for abatement, justice requires, upon equitable principles, such an order that the plaintiff shall pay, as nearly as may be, precisely his share of the tax burden. *Edes* v. *Boardman*, 58 N. H. 580, 586; *Manchester Mills* v. *Manchester*, 58 N. H. 38; *Perley* v. *Dolloff*, 60 N. H. 504; *Fowler* v. *Springfield*, 64 N. H. 108; *Amoskeag &c. Company* v. *Manchester*, 70 N. H. 336, 344; *Connecticut &c. Company* v. *Monroe*, 71 N. H. 473, 479; *Winnipiseogee &c. Company* v. *Laconia*, 73 N. H. 337; *Granite &c. Company* v. *Hampton*, 76 N. H. 1, 7. The issue is plainly "whether the petitioner's tax is greater than it should be" with respect to the taxes of other property owners in the taxing district. *Page* v. *Portsmouth*, 76 N. H. 372.

When the plaintiff shows that his property has been assessed at more than its fair market value, there is no opening for a presumption that other property in the taxing district was assessed at full market value as directed by statute. He must go on and show that his valuation is disproportionate to that of other property in general. *Clark* v. *Middleton*, 74 N. H. 188. This burden, as already pointed out, the plaintiff herein successfully assumed. His right is to have his property assessed upon the same standard of values as that applied in the taxation of other property in the city. *Boston & Maine Railroad* v. *State*, 75 N. H. 513, 517. He is not disenabled, because his assessed valuation is in excess of true valuation, to show that other property, on the average, is assessed at less than true

value, for the issue of equality is resolved by comparing his assessed valuation, not with the true value, but with the ratio of other property. *Manchester Mills* v. *Manchester*, 57 N. H. 309, 311, 312, 313; *Amoskeag &c. Company* v. *Manchester*, 70 N. H. 200, 206. The Superior Court correctly measured the abatement by comparing the ratio between the plaintiff's true and assessed valuation with the ratio between the true and assessed value of all other property in the taxing district. *Winnipiseogee &c. Company* v. *Laconia*, 74 N. H. 82, 84.

*Exceptions overruled.*

All concurred.