Hillsborough,
No. 6285.

DANIEL DUVAL *& a.* v. CITY OF MANCHESTER.

December 7, 1971.

*Emile R. Bussiere* ( by brief and orally ) for the plaintiffs.

*J. Francis Roche*, City Solicitor ( by brief and orally ), for the defendant.

GRIMES, J.   This petition for abatement of taxes was tried by the court with a view, resulting in a decree that the plaintiffs' assessments be set at what they were in 1967 before they were raised by

reassessment in 1968. The exceptions of the defendant were reserved and transferred by *Johnson*, J.

The essence of plaintiffs' complaint is that their property was reassessed upward after conveyances to them without any reassessment of other property which had not been sold in recent years, thus causing the plaintiffs to bear more than their share of the tax burden.

The court found that some property in Manchester had not been reassessed in over 40 years, that 50-60% of the 26,000 parcels of property in Manchester are assessed at valuations set more than 20 years ago and have not been reassessed, that 50 to 60% of the property in the city was assessed at 20 to 30% of the market value, and that in 1965 the defendant adopted a procedure of reassessing parcels of property which were sold during the preceding year. About 200-250 parcels were so reassessed each year between 1965 and 1968, but this was not all the parcels transferred during the period. The court further found that in reassessing the properties, the assessors relied on the revenue stamps on recorded deeds and viewing the property. It appears that assessments in the city varied from 20% to 55% of market value, the plaintiffs' property being assessed at 40% of market value.

The court specifically found that the plaintiffs were required under their reassessment to pay taxes which were in fact disproportionately higher in relation to the true value of the properties than was the case as to other property owners in the city. These findings were fully supported by the evidence.

The defendant argues that the plaintiffs have the burden of proving the proportionality factor, the fair market value of their properties, and the fact that they are being required to pay more than their proportionate share of taxes.

The last issue is the ultimate requirement. *Rollins* v. *Dover*, 93 N.H. 448, 44 A.2d 113 (1945); *Ainsworth* v. *Claremont*, 106 N.H. 85, 205 A.2d 356 (1964); *Freedman* v. *Exeter*, 107 N.H. 163, 219 A.2d 275 (1966). The other two are a usual means by which the ultimate issue is proved. They are not, however, the only means of proving that a taxpayer is being required to pay more than his share of the tax burden. We are of the opinion that when, as here, plaintiffs' property was reappraised merely because it had been sold and was assessed at 40% of market value while 50-60% of all other property remains assessed at 20-30% of value as it has for over 20 years, the plaintiffs have met their burden and the court was justified in finding as it did.

The city also contends that there was no basis for the court's order reestablishing the 1967 assessment. It contends that since no uniform proportionality factor was established, there is no way for the court to determine how much to abate the taxes. It claims that the court is not authorized to make an abatement which will transfer a disproportionate burden upon other taxpayers. *Edes* v. *Boardman*, 58 N.H. 580 ( 1879 ). *See also Blogie* v. *State Tax Commission*, 111 N.H. 246, 279 A.2d 603 ( 1971 ). These plaintiffs cannot be denied all relief from an unjust assessment just because an exact amount for abatement cannot be determined. If inequities exist as to other taxpayers, those will not be cured by imposing greater inequities on the plaintiffs.

We are of the opinion that the trial court was correct in ruling that the plaintiffs are entitled to an abatement. The method used by the court however by simply reviving the 1967 assessment was improper. RSA 76:17. The matter is remanded for a determination of the amount of abatement. *Rollins* v. *Dover*, 93 N.H. 448, 451, 44 A.2d 113, 115 ( 1945 ).

*Remanded.*

All concurred.