Hillsborough
No. 81-221

## Bedford Development Company

v.

## Town of Bedford

March 5, 1982

*Law Offices of Cullity and Kelley*, of Manchester (*John C. Boeckeler* on the brief and orally), for the plaintiff.

*Orr and Reno P.A.*, of Concord (*William L. Chapman* on the brief and orally), for the defendant.

DOUGLAS, J.   In this appeal the plaintiff asserts that the Master (*Mayland H. Morse, Jr.*, Esq.) erred in failing to grant a tax abatement for the 1977 real estate tax year in the Town of Bedford on plaintiff's property known as the Bedford Mall. The decree was approved by the Superior Court (*Dalianis*, J.) and we affirm.

In 1977, the Town of Bedford hired an outside firm to reappraise all of the property in Bedford so that the property would be assessed at 100% of fair market value. The firm assessed the plaintiff's 17½-acre commercial shopping center at $4,073,020. The selectmen used this figure for tax assessment purposes, and the plaintiff appealed to superior court after the selectmen denied an abatement.

This court recently reiterated that:

> "It is well settled that the test in an abatement case is whether the taxpayer is paying more than his proportional share of taxes. . . . A plaintiff has the burden of proving the disproportion by a preponderance of the evidence. . . . The disproportion proved need not be disproportion with respect to similarly used property, but rather only with respect to 'other property in general.' "

*Stevens v. City of Lebanon*, 122 N.H. 29, 440 A.2d 451 (1982) (citations omitted).

By seeking an abatement, the plaintiff has assumed this burden. The Bedford Development Company must demonstrate "that the assessment placed on the subject property was disproportionately higher in relation to its true value than was the case as to the other property in the city." *Berthiaume v. City of Nashua*, 118 N.H. 646, 647, 392 A.2d 143, 144 (1978). *Accord Milford Props., Inc. v. Town of Milford*, 119 N.H. 165, 167, 400 A.2d 41, 42 (1979); *New England Power Co. v. Littleton*, 114 N.H. 594, 599, 326 A.2d 698, 701 (1974).

In this case, the master found that the plaintiff had established that the Bedford Mall was assessed in excess of fair market value as of April 1, 1977. He found the true value to be $3,450,000 rather than $4,073,020. The master, however, recommended that the petition for abatement be dismissed because he found that the

plaintiff had not established that its property was assessed dispro-
portionately to other properties in Bedford. The master concluded
that the plaintiff "ha[d] not met its burden of proof that [its] prop-
erty was assessed with any different standard of valuation from
that which was used in the assessment of all other properties in
the Town of Bedford." The plaintiff has failed to demonstrate that
its taxes were disproportionate to those of other properties in gen-
eral. Plaintiff argues that it met its burden by introducing evi-
dence that the assessed value of the property exceeded fair market
value and that the town used an assessment ratio of 100 percent.
Plaintiff contends that these two facts lead to "an inescapable
inference that the plaintiff's property was taxed at a higher ratio
than other property generally in Bedford."

██ In denying an abatement, the master was bound by our
holding in *Ainsworth v. Claremont*, 106 N.H. 85, 205 A.2d 356
(1964), which explained that in a tax abatement case:

> "The assessment of a general property tax looks to the
> raising of a certain amount of money in the taxing dis-
> trict. 'The rate at which this amount is to be raised is not
> one fixed by statute but is determined by the relation of
> the total appraised valuation of all taxable property to
> the total tax to be raised. Since total valuation bears
> directly on the rate, if each property is appraised at the
> same proportion to its full and true value, whether it be
> higher or lower than that value, the resulting taxes must
> be proportional. It is not when the appraised value of one
> property is greater than its true value but only when it
> is disproportionately higher in relation to that value than
> is the case as to other property in general, that its owner
> bears more than his share of the tax burden and is
> entitled to an abatement.' "

*Id.* at 87–88, 205 A.2d at 358 (citation omitted).

██ The defendant's expert testified that if his methods of
appraisal yielded too high a value for the plaintiff's property, then
the same result was probably reached with respect to all other
appraisals in the town. Thus, disproportionality could not have
resulted. Even if all property had been assessed 20% higher than
true fair market value, no taxpayers would have suffered because
they would still pay only their proportionate share of the total tax
burden. The master found that the "replacement cost less depreci-
ation" method of determining fair market value had been used by

the appraisal firm in a "uniform and consistent manner" throughout the town. Because the plaintiff presented no evidence showing a variance in the *proportional* assessment of taxation, the master committed no error in denying the abatement to the plaintiff.

The plaintiff's counsel asserts that the only issue before the master was fair market value. While the record is not clear on this point, we cannot conclude that the master erred in failing to exercise his discretion to reopen the case. *See Ricker v. Mathews*, 94 N.H. 313, 316, 53 A.2d 196, 198 (1947) (citation omitted); *Snook v. Portsmouth*, 90 N.H. 441, 443–44, 10 A.2d 654, 656 (1940).

Because of the result we do not address defendant's appeal of the master's finding of a fair market value of only $3,450,000.

*Affirmed.*

All concurred.