Board of Taxation
No. 81-152

APPEAL OF RUTH H. WHALAND
(New Hampshire Board of Taxation)

August 6, 1982

*Barto & Gfroerer*, of Concord (*Michael G. Gfroerer* on the brief and orally), for the plaintiff.

*Paul F. Cavanaugh*, city solicitor, by brief and orally, for the defendant.

PER CURIAM. The issue in this tax abatement case is whether the plaintiff, Ruth Whaland, is paying a disproportionate share of taxes. We hold that she has failed to prove disproportionality and affirm.

The plaintiff bought a home in Concord for $120,000 in the summer of 1978. During the same summer, professional appraisers conducted a reappraisal of all real property in the city and initially assigned to the plaintiff's property an assessed value of $68,200. The appraisers later increased the assessed value to $95,200. The plaintiff applied to the city board of assessors for an abatement of her 1979 real property taxes, claiming that the $95,200 assessment was excessive. The assessors denied her application without a hearing; however, they later reduced the assessment to $89,000. The plaintiff then applied to the board of taxation for an abatement and a reduction in her assessment. *See* RSA 76:16-a I (Supp. 1981).

On April 3, 1981, the board of taxation reduced her assessment to $84,000, and abated the plaintiff's taxes accordingly. This figure represents 73 percent of a fair market value of $115,067. The 73 percent figure was the ratio of the then level of assessment in Concord. At her request, the board held a rehearing, but it then affirmed its prior decision. The plaintiff then appealed to this court under RSA 76:16-a V (Supp. 1981).

702

■ The plaintiff's first argument is that she is paying a disproportionately high amount of tax because the assessment of her property was excessive. The "test in an abatement case is whether the taxpayer is paying more than his proportional share of taxes. . . . [The] plaintiff has the burden of proving the disproportion by a preponderance of the evidence. . . ." *Bedford Development Co. v. Town of Bedford*, 122 N.H. 187, 188, 442 A.2d 590, 591 (1982) (quoting *Stevens v. City of Lebanon*, 122 N.H. 29, 32, 440 A.2d 451, 453 (1981)).

■ The board of taxation's final assessment of $84,000 represents 73 percent of the fair market value of the plaintiff's property. Thus, the plaintiff's property was assessed at the same percentage of fair market value as was applied to other properties in Concord in 1979. Because she was assessed at the same rate, the plaintiff has failed to prove disproportionality. *See Bedford Development Co. v. Town of Bedford*, 122 N.H. at 189, 442 A.2d at 592. In addition, although the plaintiff contends that other properties in the neighborhood were underassessed, she introduced no expert evidence or independent appraisal to support this claim.

■ The plaintiff's next argument is that the city assessors used improper means to establish the appraised value of her property. In June 1978, in a *preliminary* appraisal, the assessed value of the plaintiff's property was set at $68,200. In July, the plaintiff and the then-owner entered into a purchase-and-sale agreement in which the plaintiff agreed to buy the property for $120,000. In August 1978, the appraisers increased the assessment to $95,200. The plaintiff's contention that this increase occurred solely because the appraisers heard "rumors" of the $120,000 purchase price is not supported by the evidence.

■■ In undertaking city-wide reassessments, appraisers are not prohibited from considering sale price as evidence of fair market value when the property is sold in a fair market *See Berthiaume v. City of Nashua*, 118 N.H. 646, 648, 392 A.2d 143, 144–45 (1978). We cannot conclude that the board erred in rejecting the plaintiff's argument that, because she had to buy the subject property on short notice in a "tight" market, the sale was not consummated in a fair market.

■ The plaintiff contends that the board of taxation's actions contravened our decision in *Duval v. Manchester*, 111 N.H. 375, 286 A.2d 612 (1971). We disagree. In *Duval*, the plaintiffs' property was singled out for reassessment merely because a sale had occurred.

Their assessment increased to 40 percent of market value while other property remained assessed at 20 to 30 percent of value. *Id.* at 376, 286 A.2d at 613. *Duval* is inapplicable because it involved a reassessment of only one landowner's property while the instant case involves a city-wide reassessment.

█ Finally, the plaintiff argues that the board acted improperly in raising the assessed value of her land from $12,600 in 1978 to $15,000 in 1981. When the board of taxation reduced the assessed value of the plaintiff's buildings from $82,600 to $69,000 in April 1981, the board increased the assessed value of the land from $12,600 to $15,000 for an overall total of $84,000. Thus, although the overall assessed value decreased, the assessed land value increased. The plaintiff contends the parties agreed that the $12,600 figure was correct. No evidence in the record supports this contention. In addition, when the plaintiff applied for an abatement, she described the property as "land and single family residence." Thus the entire premises were subject to review.

*Affirmed.*

BROCK, J., did not sit.