## ALEXANDER *v.* WHIPPLE.

Under our statute of limitations, when a note has been secured by any mortgage under seal, whether of real or personal estate, if such note has not been paid, nor the mortgage given to secure it discharged, an action upon the note will not be barred by the statute until such statute would operate as a bar to a suit upon such mortgage.

And it makes no difference in that respect, whether or not the property mortgaged is still available for the payment of the mortgage debt.

ASSUMPSIT on a promissory note.

*Plea*, statute of limitations.

*Replication.* That the note was secured by a mortgage of personal property.

*Rejoinder.* That all the property included in the mortgage had been taken upon a prior mortgage or otherwise destroyed, and that the mortgage thereby became inoperative and dead more than six years before the commencement of this suit.

Demurrer to the rejoinder.

Questions of law reserved.

*Bailey*, for plaintiff.

I. The mortgage, not having been foreclosed or discharged, twenty years not having elapsed, and the note described in its condition not having been paid, is in force and the plaintiff is entitled to commence an action upon it. The principles on which this proposition rests are so simple and elementary that the mere statement would seem to be sufficient until the defendant cites authorities to sustain a contrary one.

II. The prior mortgage not having been legally foreclosed this plaintiff, being the subsequent mortgagee, has the right to redeem and demand the property taken, and, upon refusal, to maintain an action therefor. R. S. chap. 132, sec. 13; 2 Hill's Mort. 326, 72, and cases therein cited.

*G. Y. Sawyer*, for defendant.

The provision of the Rev. Stat. ch. 181, sec. 6, is that "actions upon notes secured by mortgage may be brought *so long as the plaintiff is entitled to commence any action on the mortgage.*" It is obvious that the object of this enactment is to prevent the bar, by the statute of limitations, of a recovery upon the note when there remains a remedy, which the parties have provided in their arrangement by giving and taking the mortgage security, under that. When that remedy ceases to exist then the reason of the enactment no longer exists. The goods mortgaged being lost, consumed or destroyed more than six years before the commencement of the suit, or rightfully taken and applied upon prior mortgages, the plaintiff's mortgage had become a nullity and he had no cause of action upon his mortgage within the meaning of the statute. This view is sustained by the decisions in *Cross* v. *Gannett*, 39 N. H. 140, and *Savings Bank* v. *Ladd*, 40 N. H. 459.

SARGENT, J.   Revised Statutes, ch. 181, sec. 4, provide that all personal actions (other than such as have been specifically provided for) shall be brought within six years after the cause of action accrued and not afterwards.   Sec. 5 provides that "actions of debt, founded upon any judgment or recognizance or upon any contract under seal may be brought within twenty years after the cause of action accrued and not afterwards."   Sec. 6 provides that actions upon notes secured by mortgage may be brought so long as the plaintiff is entitled to commence any action upon the mortgage.

In *Demerritt* v. *Batchelder*, 28 N. H. 533, it is held that the term *mortgage* in the 6th section includes all mortgages of personal property under seal, and that the statute limiting the bringing of actions upon simple contracts to six years does not apply to a note secured by such a mortgage.   It is also there held that mortgages of personal property under seal are contracts under seal, within the meaning of sec. 5, upon which an action may be brought within twenty years after the cause of action accrued.

In giving construction to sec. 6 of this statute in *Savings Bank* v. *Ladd*, 40 N. H. 459, we held that it applied only to such persons as should sign both the note and the mortgage given to secure it; that, in case a note be signed by several, and one or a part of the signers give a mortgage to secure the note, an action may be brought upon the note against such signers, as long as any action can be maintained upon the mortgage; but that those signers of the note who have not given any mortgage to secure it may plead the statute of limitations as a bar after six years, just the same as though no mortgage had been given.   It was also there noticed that the provision of our statute contained in section 6, is peculiar to this State, and that, in other States where no such provision exists, it is held that the statute of limitations may be pleaded as a bar to any action upon the note, but that the mortgagee may maintain his action upon the mortgage, at any time within twenty years or such other time as the statute of each State prescribes for the bringing of real actions.

But the question here arises as to the construction of sec. 6 of our statute, upon another point.   Does it mean that an action may be maintained upon the note so long as the payee may have any available remedy under his mortgage upon the property thus pledged to secure the note; and when such property is destroyed and the security by way of the mortgage is no longer available, that the right of action both upon the note and the mortgage shall be barred in six years as is claimed in this case?   Or does it mean, that, when a person, who signs a note which, if alone, would be barred in six years, shall give a mortgage to secure it, that prevents the note from being barred by the statute until such time as the statute of limitations might be properly pleaded to any action brought upon the mortgage itself?

There are some suggestions in *Cross* v. *Gannett*, 39 N. H. 140, which are claimed as favoring the construction first named, but we do not consider them as necessarily leading to that conclusion, nor were those suggestions necessary or material in deciding the original case.

But we think an examination of the legislation of this State upon that subject may show what was intended by the legislature in making this provision.

Our general statute of limitations was passed June 16,1791, (N. H. Laws 1815, 164,) by which actions of debt not founded upon any speciality and actions upon the case and actions of account, &c., with certain specified exceptions, were to be barred in six years after cause of action accrued.   There was no exception or special provision which exempted notes secured by mortgage from the operation of the general law.   Thus it remained until 1799, when, on the 30th day of December, an act was passed amending the law of 1791, by which it was enacted "that the aforesaid act (of 1791) shall not extend to bar any action hereafter brought upon any note in writing, made and signed by any person or persons, for securing the payment of which a mortgage has been or shall be given  *  *  *  but the same shall remain as though said act had never been made."

By this provision, if the signer or signers of any note had given or should give any mortgage to secure the note, that was to operate as a waiver of the right on his or their part to plead the statute of limitations to any action that might be brought upon the note at any time.   In the act of 1825, (N. H. Laws, 1830, 76 and 77,) we find the same provision in the same words  as in the amendment of 1799 to the act of 1791, before recited, and this act remained in force without alteration until the revision in 1842.    *Colby* v. *Everett*, 10 N. H. 429, was a case which arose and was decided under the provisions of that law ; in which case *Parker, C. J.*, in delivering the opinion, says, that such notes thus secured by mortgage are "specially exempted from the operation of the statute of limitations."

It made no difference whether the suit upon the note had any connection with the property mortgaged, or with the mortgage, or not.   Nor was it at all material whether the mortgaged property was sufficient to pay the debt or not, such note was absolutely exempt from the operation of any statute of limitations.   By the revision in 1842, the general statute of limitations remains the same as before, but the exception or qualification concerning notes secured by mortgage is slightly changed, so that now such notes so secured, instead of being absolutely exempt from the operation of the statute of limitations, may be sued at any time while the plaintiff is entitled to maintain any action upon the mortgage. By this, we think, it was not meant that an action might be brought upon the note only so long as an action can be brought by which the plaintiff shall be able to avail himself of the property mortgaged, but that the statute of limitations shall not be a bar to any action upon the note until the statute of limitations might be properly pleaded as a bar to any action upon the mortgage given to secure it.

The only change, we think, that was intended to be made at the revision, was to provide that notes thus secured by mortgage, which were before wholly exempt from the operation of the statute of limitations, should thereafter only be exempt for such time as should correspond with the term of exemption provided for in case of the mortgage which had been

given to secure it. Therefore, if the signer of a note gives a mortgage to secure it, whether of real or personal estate, if it be under seal, if the note and mortgage are of the same date, and the note payable on demand, both would run twenty years, provided the mortgage was not discharged or foreclosed, and the debt thus paid. But if the note should run five years, and then the promisor give a mortgage to secure it, an action on the mortgage will not be barred for twenty years from its date, and an action upon the note will not be barred for twenty-five years from the date of the note, unless the mortgage had been discharged.

This is an arbitrary provision of the statute, the same as the provision in Massachusetts and Maine, that none of the provisions of their statute of limitations shall apply to any action brought upon a promissory note which is signed in the presence of an attesting witness, *Walker* v. *Warfield*, 6 Met. 466, and is not to be traced to any connection which the action on the note might be supposed to have with the property mortgaged, or with any action upon the mortgage. If the mortgage were discharged so that no action could be maintained on it, then, by the terms of the act, the statute of limitations would run against the note. If the mortgage had been foreclosed and the note thereby paid, no action could be maintained on either. But if the note remains unpaid by foreclosure of the mortgage or otherwise, and the mortgage is not discharged, an action may be maintained upon the note without being barred by the statute, until such time as the statute of limitations might be properly pleaded to any action upon the mortgage.

The replication in this case is not in proper form. It is in the same form that it would properly have been before the Revised Statutes, when this note would have been entirely exempt from the operation of the statute by being secured by mortgage. The replication should be so varied as to conform to our present statute. But the rejoinder is insufficient and

　　　　　　　　　　　　*The demurrer is sustained.*