SULLIVAN.

---

HALL, *Adm'r*, v. HALL.

An existing right of action upon a note secured by a chattel mortgage was not taken away by the repeal of the statute which made the period of limitation the same as that within which the plaintiff might bring an action on the mortgage.

ASSUMPSIT, upon a promissory note dated February 21, 1870. Writ dated December 15, 1885. Plea, the statute of limitations. Facts found by the court. The note was originally secured by a personal mortgage of the same date; but none of the mortgaged chattels were in existence at the time the suit was commenced.

*L. W. Barton*, for the plaintiff.

*G. R. Brown*, for the defendant.

ALLEN, J. As the law stood prior to January 1, 1879, when the General Laws went into effect, actions upon notes secured by mortgage might be brought so long as the plaintiff was entitled to bring an action upon the mortgage. Rev. Sts., c. 181, s. 5; Comp. Sts., c. 192, s. 6; Gen. Sts., c. 202, s. 5. Assuming (what the case does not show, but what may be inferred to be the fact) that the personal mortgage held by the plaintiff's decedent was under seal, an action might have been brought upon it at any time within twenty years after the action accrued (G. L., c. 221, s. 4), and a right of action upon the note existed in his favor prior to the time when the General Laws came into effect. *Demerritt* v. *Batchelder*, 28 N. H. 533; *Alexander* v. *Whipple*, 45 N. H. 502, 505. By Gen. Laws, c. 221, s. 5, the right to bring suit upon notes secured by mortgage, so long as an action could be brought upon the mortgage, was limited to cases of real estate mortgages, leaving actions upon notes secured by personal mortgages to be governed by the general limitation of six years.

This change was a repeal of the law giving a right of action upon a note secured by a personal mortgage so long as an action might be maintained upon the mortgage. There is nothing in the law making the change showing the intention of the legislature to apply it to actions then pending, or to existing causes or rights of action; and that such was not the intention is plain from the provisions of the General Laws upon the subject enacted at the same time. "The repeal of any act shall in no case affect any act done, or any right accruing, accrued, acquired, or established, or any suit or proceeding had or commenced in any civil case, before the time when said repeal shall take effect." G. L., c. 1, s. 33; c. 291, s. 5. The narrowing of the time within which an action might be brought and maintained upon a note secured by a personal mortgage from twenty years to six years, by Gen. Laws, c. 221, s. 5, cannot destroy a right of action then accrued and existing. When the change was made in the statute, more than six years had elapsed since the last promise to pay the note; and if the narrowed limitation of six years left by the statute making the change is applied, the plaintiff's right of action then existing was at once and wholly destroyed by the change. Such a use cannot be made by the repealing statute, and the plaintiff's right of recovery is not affected by it. *Dickinson* v. *Lovell*, 36 N. H. 364; *Rowell* v. *Railroad*, 59 N. H. 35.

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.