[Merrimack, June, 1888.]

### HARGRAVES *v.* IGO.

ASSUMPSIT, on a promissory note made in 1873, and secured by a mortgage of real estate, upon which there were prior mortgages. Plea, the statute of limitations. It was agreed that in 1877 the mortgaged premises were sold, and the proceeds applied on the prior mortgages in the course of insolvency proceedings against the defendant's estate.

*S. C. Eastman*, for the plaintiff.

*Bingham, Mitchell & Fletcher*, for the defendant.

BINGHAM, J. If this suit were on the mortgage, on a plea of the statute of limitations, the plaintiff would be entitled to judgment, and the statute makes no other test. *Hall* v. *Hall*, 64 N. H. 295; *Alexander* v. *Whipple*, 45 N. H. 502.

If the defendant had never had a title to the mortgaged premises, the plaintiff could obtain judgment of foreclosure, and " actions upon notes secured by mortgage of real estate may be brought so long as the plaintiff is entitled to bring an action on the mortgage." G. L., *c.* 221, *s.* 5.

*Judgment for the plaintiff.*

BLODGETT, J., did not sit: the others concurred.

----

[Hillsborough, June, 1888.]

### GAGE & a. *v.* PORTER & a.

DEBT, on an injunction bond filed in a bill in equity brought by Porter against the plaintiffs for leave to redeem mortgaged lands. Porter obtained a decree giving her leave to redeem by paying to the plaintiffs the amount of the mortgage debt in thirty days. She did not redeem.

CARPENTER, J. By the terms of the condition Porter was to pay to the plaintiffs the damages occasioned by the injunction " in case the proceeding in which the injunction has been issued shall be determined against her." The determination of the proceeding was in her favor. She obtained leave to redeem, which, so far as appears, was all she prayed for in her bill. There was no breach of the condition, and there must be

*Judgment for the defendants.*

SMITH, J., did not sit: the others concurred.

*C. H. Burns*, for the plaintiffs.

*H. B. Atherton*, for Porter. *W. W. Bailey*, for the other defendants.