Strafford
No. 7215

### BETTY PHINNEY v. HERBERT R. LEVINE

June 30, 1976

*Shaw & Robertson* and *Norman C. Gile (Mr. Gile* orally) for the plaintiff.

*Charles F. Hartnett* and *Anthony S. Hartnett (Anthony S. Hartnett* orally) for the defendant.

KENISON, C.J. In 1965, George Phinney, Inc., agreed to build a dwelling for the defendant. The contract provided, "The builder shall furnish a bond by posting a mortgage running to the Owner . . . to secure the performance of the contract and completion of the house." Pursuant to this agreement the plaintiff and her husband, George Phinney, now deceased, executed a note and a mortgage of certain premises in favor of the defendant and his wife, which were subject to discharge "on completion of this building contract to the reasonable satisfaction . . ." of the defendant, his wife, and a named bank. George Phinney did no work under the contract after 1965; he did not submit a notice of completion to the defendant. This suit was filed in 1973 to secure a discharge of the mortgage. RSA 479:10. At that time the defendant had not sued on any claim arising from the construction of the house. The plaintiff contends that any claim is now proscribed by the statute of limitations. The Trial Court *(Cann,* J.) rejected

this contention and reserved and transferred the plaintiff's exceptions.

Claims on construction contracts are a subject to a six-year statute of limitations. RSA 508:4 (Supp. 1975); *Roberts v. Richard & Sons, Inc.*, 113 N.H. 154, 304 A.2d 364 (1973). Mortgages are subject to a twenty-year limitations period. RSA 508:2; *Levensaler v. Batchelder*, 84 N.H. 192, 199, 150 A. 114, 118 (1929). In some jurisdictions the remedy on the mortgage is barred when the statute of limitations runs on the principal obligation. Annot., *Bar of limitation against action on debt secured by mortgage as affecting suit to foreclose mortgage*, 161 A.L.R. 886, 890 (1946). But in the majority of jurisdictions the creditor's rights under the mortgage are not affected by the statute of limitations governing the mortgage debt. 3 R. Powell, Law of Real Property § 461 (Rohan ed. 1975); G. Osborne, Mortgages § 296 (1970).

In this State, separate remedies (RSA 524:10) are available to enforce a note and the mortgage which secures it. RSA 508:6 provides: "Actions upon notes secured by mortgage of real estate may be brought so long as the plaintiff is entitled to bring an action upon the mortgage." Under the statute, an action may be maintained on a note secured by a mortgage after the limitations period for an unsecured note has expired, even though the collateral is no longer available to satisfy the claim. *Hall v. Hall*, 64 N.H. 295 (1886); *Hargraves v. Igo*, 64 N.H. 619 (1888). Under the statute, the period for enforcing the mortgage does not depend on the limitations period for the note. Rather the statute extends the time during which an action may be brought on the note. In the present case the statute of limitations has not yet run on either the note or the mortgage. The plaintiff is entitled to discharge of the mortgage only if she establishes that she has performed the obligation which the mortgage was given to secure. *See Fowler v. Taylor*, 97 N.H. 294, 86 A.2d 325 (1952); G. Osborne, Mortgages § 296, at 612 (1970).

*Plaintiff's exceptions overruled.*

All concurred.