Hillsborough-southern judicial district
No. 95-717

## DEL NORTE, INC.

v.

## ARTHUR J. PROVENCHER

December 31, 1997

*Haughey, Philpot & Laurent, P.A.*, of Laconia (*Paul C. Bordeau* on the brief and orally), for the plaintiff.

*Winer and Bennett*, of Nashua (*Gary A. Braun* on the brief and orally), for the defendant.

*Halvorsen & O'Connell, P.C.*, of Manchester (*Pamela G. Van Horn* and *John F. O'Connell* on the brief), for YYY Corp., as *amicus curiae*.

JOHNSON, J. The plaintiff, Del Norte, Inc. (Del Norte), appeals an order of the Superior Court (*Dalianis*, J.) holding that the plaintiff's predecessor in interest, Mundaca Investment Corporation (Mundaca), was barred by the statute of limitations from bringing an action against the defendant, Arthur J. Provencher, on a promissory note. We reverse and remand.

In ruling on the parties' cross-motions for summary judgment, the trial court accepted the following facts. On or about April 12, 1990, the defendant executed a $15,000 demand promissory note (the note), secured by a mortgage on real property, in favor of BankEast. This mortgage (the second mortgage) was subordinate to a prior mortgage given by the defendant to BankEast (the first mortgage) on the same property. The defendant last made a payment on the note on or about November 27, 1990. On or about February 5, 1993, the first mortgage was foreclosed.

Mundaca acquired the note from the Federal Deposit Insurance Corporation (FDIC), as receiver for BankEast, by assignment dated August 19, 1993. On March 22, 1994, Mundaca made a demand on the defendant for payment of the note. Thereafter, on June 1, 1994, Mundaca sued the defendant to recover on the note. Both parties moved for summary judgment.

The trial court held that the plaintiff was not entitled to the twenty-year statute of limitations provided for actions upon notes secured by mortgages, *see* RSA 508:2, :6 (1997), because foreclosure of the first mortgage extinguished Mundaca's rights under the second mortgage. The court further held that the six-year statute of limitations in RSA 382-A:3-118 (1994) did not apply because the effective date of the statute occurred after the defendant's right to plead the expiration of the statute of limitations under RSA 508:4, I, had vested, and that retroactive application would violate the defendant's vested rights. Finally, the court held that Mundaca could not rely on the six-year statute of limitations provided in 12 U.S.C. § 1821(d)(14)(A), finding that the section applies only to the FDIC and does not extend to the FDIC's assignees. Concluding that the applicable limitations period was the three-year period covering all personal actions in general, *see* RSA 508:4, I (1997), and that the cause of action accrued at the latest in December 1990, the court held that Mundaca's suit brought on June 1, 1994, was time-barred. Mundaca appealed.

After filing its brief, Mundaca assigned the note to Del Norte. Thereafter, we granted a motion to substitute Del Norte as assignee of Mundaca's claim, and we will treat Del Norte as having been the appellant from the outset.

■ In reviewing a grant of summary judgment, we look at the affidavits and other evidence, and all inferences properly drawn therefrom, in the light most favorable to the non-moving party. *See N.E. Tel. & Tel. Co. v. City of Franklin*, 141 N.H. 449, 452, 685 A.2d 913, 916 (1996). "If our review of that evidence discloses no genuine issue of material fact, and if the [moving party is] entitled to judgment as a matter of law, we will affirm the grant of summary judgment." *Id.* As no material fact is in dispute on appeal, we need only determine whether the defendant was entitled to judgment as a matter of law. *See Lorette v. Peter-Sam Inv. Properties*, 140 N.H. 208, 210, 665 A.2d 341, 342 (1995). Our review of the trial court's application of the law to the facts is *de novo*. *See Benoit v. Test Systems*, 142 N.H. 47, 49, 694 A.2d 992, 993 (1997).

■ Del Norte first challenges the trial court's conclusion that foreclosure of the first mortgage extinguished Del Norte's right to maintain an action on the second mortgage within the meaning of RSA 508:6. That section provides that "[a]ctions upon notes secured by a mortgage of real estate may be brought so long as the plaintiff is entitled to bring an action upon the mortgage." RSA 508:6. When read in conjunction with RSA 508:2, which states that "[n]o action for the recovery of real estate shall be brought after 20 years from the time the right to recover first accrued to the party claiming it or to some persons under whom he claims," RSA 508:6 establishes a twenty-year statute of limitations for notes secured by mortgages on real property. *See Jenot v. White Mt. Acceptance Corp.*, 124 N.H. 701, 709, 474 A.2d 1382, 1387 (1984).

Del Norte argues that the trial court's ruling is erroneous because, with regard to all pertinent facts, this case is indistinguishable from *Alexander v. Whipple*, 45 N.H. 502 (1864). We agree. *Alexander* interpreted a statutory predecessor to RSA 508:6, which provided that "[a]ctions upon notes secured by mortgage, may be brought so long as the plaintiff is entitled to commence any action upon the mortgage." RS 181:6 (1842); *see Alexander*, 45 N.H. at 503. In *Alexander*, suit was brought on a note secured by a mortgage on personal property. *Alexander*, 45 N.H. at 502. The defendant argued that the mortgage was no longer operative within the meaning of RS 181:6 because the mortgaged property had been applied in satisfaction of a prior mortgage, or had otherwise been destroyed. *Id.* We disagreed. *Id.* at 505.

We construed in the following manner the provision of the statute that gave the holder of a mortgage note a right of action on the note so long as the holder had a right of action on the mortgage securing the note:

> By this, we think, it was not meant that an action might be brought upon the note only so long as an action can be brought by which the plaintiff shall be able to avail himself of the property mortgaged, but that the statute of limitations shall not be a bar to any action upon the note until the statute of limitations might be properly pleaded as a bar to any action upon the mortgage given to secure it.

*Id.* at 504.

In reaching our decision in *Alexander*, we looked to the predecessors of the statute at issue in order to determine the legislative intent in enacting it. *Id.* We noted that under the prior statute, notes secured by mortgages were completely exempt from the statute of limitations regardless of whether the suit on the note bore any connection to the mortgage or the underlying property, or whether the property was of sufficient value to pay off the note. *Id.* We observed that under this prior provision,

> if the signer or signers of any note had given or should give any mortgage to secure the note, that was to operate as a waiver of the right on his or their part to plead the statute of limitations to any action that might be brought upon the note at any time.

*Id.* We then stated that the only change intended by the 1842 revision was that, rather than being completely exempt from the statute of limitations, a mortgage note would thereafter only be exempt for the same amount of time as the mortgage securing it. *Id.* at 504-05.

Although the statute appeared to connect a holder's rights on the note with those on the mortgage, we noted in *Alexander* that the "provision of the statute . . . is not to be traced to any connection which the action on the note might be supposed to have with the property mortgaged, or with any action upon the mortgage." *Id.* at 505 (citation omitted). We concluded that where "the note remains unpaid by foreclosure of the mortgage or otherwise, and the mortgage is not discharged, an action may be maintained upon the note without being barred by the statute, until such time as the statute of limitations might be properly pleaded to any action upon the mortgage." *Id.*

The operative statute has been reenacted a number of times since 1842. *See* CS 192:6 (1853); GS 202:5 (1867); GL 221:5 (1878); PS 217:5 (1891); PL 329:5 (1926); RL 385:5 (1942); RSA 508:6. The only material change is that since 1878, application of the statute has

been limited to notes secured by mortgages of real estate. *See* GL 221:5; PS 217:5; PL 329:5; RL 385:5; RSA 508:6. *Compare* RSA 508:6 ("Actions upon notes secured by a mortgage of real estate may be brought so long as the plaintiff is entitled to bring an action upon the mortgage.") *with* RS 181:6 ("Actions upon notes secured by mortgage, may be brought so long as the plaintiff is entitled to commence any action upon the mortgage."). Our decision in *Alexander* was followed in *Hargraves v. Igo*, 64 N.H. 619, 15 A. 137 (1888), and *Hall v. Hall*, 64 N.H. 295, 9 A. 219 (1886), and as recently as 1976 we stated that "[u]nder [RSA 508:6], an action may be maintained on a note secured by a mortgage after the limitations period for an unsecured note has expired, even though the collateral is no longer available to satisfy the claim." *Phinney v. Levine*, 116 N.H. 379, 380, 359 A.2d 636, 637 (1976).

Notwithstanding this consistent construction over more than a century, the defendant now urges that "[*Alexander*] must be considered in the context of the time the decision was rendered and with regard to laws and legal principles subsequently enacted or adopted." Specifically, the defendant argues that upon foreclosure of a prior mortgage, all rights of junior mortgagees in their mortgages must be extinguished, and those mortgages considered discharged, in order for the purchaser at foreclosure to take the property free and clear of all junior liens. *See* RSA 479:26, III (1992); *cf. L.M. Sullivan Co., Inc. v. Essex Broadway Sav. Bank*, 117 N.H. 985, 990, 380 A.2d 1087, 1091 (1977) (discussing rights of junior mechanic's lien holder).

■ We reject the defendant's invitation to discount *Alexander*'s precedential value on account of its age. On the contrary, we view the long and unchallenged history of *Alexander*'s holding as evidence of the legislature's approval of our statutory interpretation: "[W]hen the legislature reenacts a statute on which a repeated practical construction has been placed by the Bench and Bar, that reenactment constitutes a legislative adoption of the longstanding construction." *Thibeault v. Campbell*, 136 N.H. 698, 702, 622 A.2d 212, 215 (1993).

We also see no conflict between our holding in *Alexander* and either RSA 479:26, III or *L.M. Sullivan*. The issue in *Alexander* was whether a mortgagor had a statute of limitations defense, against a mortgagee, to an action on a note, *see Alexander*, 45 N.H. at 503, not whether the mortgagee had any recourse to the property under the mortgage. It is not inconsistent to say that although the mortgagee no longer has recourse to the property once it has been sold free and

clear at a foreclosure sale, he may still assert, in an action against his debtor (the mortgagor), that where the covenants of the mortgage given to secure the note remain undischarged, the debtor waived the right to plead the statute of limitations for twenty years. *See id.* at 504-05.

We hold, therefore, that Del Norte is entitled to the twenty-year limitations period provided by RSA 508:2 and :6. As neither party challenges the trial court's finding that the statute of limitations began to run at the latest in December 1990, we conclude that this action was commenced well within the twenty-year statute of limitations. As the State limitations period is longer than that provided in 12 U.S.C. § 1821(d)(14)(A)(i)(I), we need not decide whether that statute applies to assignees of the FDIC. *See* 12 U.S.C. § 1821(d)(14)(A) (1994) (providing FDIC with the longer of the applicable State limitations period or six years).

*Reversed and remanded.*

All concurred.