Merrimack
No. 98-623

## MERCHANTS RENT-A-CAR, INC.

### v.

## ARBELLA PROTECTION INSURANCE COMPANY, INC.

November 20, 2000

*Normand & Shaughnessy, P.A.*, of Manchester (*James B. Kazan* on the brief and orally), for the plaintiff.

*Dean, Rice & Kane, P.A.*, of Manchester (*Robert E. Dunn, Jr.* on the brief and orally), for the defendant.

NADEAU, J. The plaintiff, Merchants Rent-A-Car, Inc. (Merchants), appeals from the Superior Court's (*McGuire*, J.) grant of the defendant's, Arbella Protection Insurance Company, Inc. (Arbella), motion for summary judgment. The issue on appeal is whether a large rental vehicle is a "van" covered by the "non-owned auto" provisions of a personal automobile insurance policy. We reverse and remand.

The following facts were undisputed in the trial court. On May 27, 1997, Merchants rented a large motor vehicle to James Bottomley. The rented vehicle had an enclosed cargo area resembling a large box and a gross vehicle weight of 10,000 pounds. While driving the vehicle, Bottomley struck a tree and damaged the vehicle's cargo area. Bottomley had a personal automobile insurance policy with Arbella and after the accident he assigned his rights under the policy to Merchants.

Arbella refused to pay for the damage to the rented vehicle, and Merchants filed suit in superior court. Both parties moved for summary judgment. Arbella alleged that the damaged vehicle was not among the vehicle types covered by the terms of Bottomley's insurance policy. Merchants argued that the vehicle was covered under the policy. It further argued that, to the extent the policy did not clearly cover the damaged vehicle, the policy was ambiguous and should be construed against Arbella. The superior court granted Arbella's motion for summary judgment and denied Merchant's motion for summary judgment.

> In reviewing a grant of summary judgment, we look at the . . . evidence, and all inferences properly drawn therefrom, in the light most favorable to the nonmoving party. If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment.

*Del Norte, Inc. v. Provencher*, 142 N.H. 535, 537, 703 A.2d 890, 892 (1997) (citations and brackets omitted).

Bottomley's insurance policy provides that Arbella will pay for direct and accidental loss to "your covered auto" or to any "non-owned auto." "Non-owned auto" is defined as:

> Any private passenger auto, pickup, van or "trailer" not owned by or furnished or available for the regular use of you . . . .

"Your covered auto" is defined as:

> 1. Any vehicle shown in the declarations.
>
> 2. Any of the following types of vehicles on the date you became the owner:
>
>    a. a private passenger auto; or
>
>    b. a pickup or van that:
>
>       (1) has a gross vehicle weight of less than 10,000 lbs.; and
>
>       (2) is not used for the delivery or transportation of goods and materials
>
>    . . . .
>
>    c. Any "trailer" you own.

There was no dispute that the vehicle in question was not a private passenger auto, a pickup, or a "trailer." The only issue was whether the vehicle was a "van" within the "non-owned auto" section of the policy. Presumably concluding that the weight and use restrictions referred to in the "your covered auto" section also apply to the "non-owned auto" section, the trial court found that the vehicle was not a "van" because the vehicle weighed 10,000 pounds and was used for the "transportation of goods and materials."

We conclude, however, that the weight and use restrictions that apply to "van" under "your covered auto" do *not* apply to a "van"

under "non-owned auto." The common definition of "van" includes "use[] for transportation of goods . . . ." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2531 (unabridged ed. 1961). Thus, the unqualified use of the term "van" in the "non-owned auto" section includes vehicles that may be used for transportation of goods. Furthermore, the fact that the "your covered auto" section limits liability to vans of a certain weight and use indicates that the unqualified use of the term "van" in the "non-owned auto" section could encompass a broader range of vehicle — i.e., vehicles with a gross weight of 10,000 pounds or more and vehicles used for the delivery or transportation of goods and materials.

Because the weight and use restrictions contained in the "your covered auto" section do not apply to the "non-owned auto" section, we conclude that the trial court erred by ruling that the vehicle at issue in this case was not a "van" within the policy because the vehicle weighed 10,000 pounds and was used for the transportation of goods and materials.

█ Accordingly, because Bottomley's policy clearly provides coverage for the vehicle at issue, we reverse the trial court's order granting Arbella's motion for summary judgment and remand for further proceedings in accordance with this opinion.

*Reversed and remanded.*

DALIANIS, J., concurred; GROFF and MOHL, JJ., superior court justices, specially assigned under RSA 490:3, concurred; DUNN, J., retired superior court justice, sat for oral argument by special assignment under RSA 490:3 but did not take part in the final vote.