Hillsborough-southern judicial district
No. 2005-293

THE CADLE COMPANY

v.

ROBERT DEJADON

Argued: November 16, 2005
Opinion Issued: April 21, 2006

*Paul C. Bordeau, PLLC*, of Gilford (*Paul C. Bordeau* on the brief and orally), for the plaintiff.

*Gottesman and Hollis, P.A.*, of Nashua (*Paul M. DeCarolis* on the brief and orally), for the defendant.

BRODERICK, C.J. The plaintiff, The Cadle Company, appeals an order of the Superior Court (*Hampsey*, J.) granting the defendant's motion to dismiss. We reverse and remand.

In September 1989, the defendant, Robert Dejadon, executed an adjustable rate note in the amount of $222,900.00 to Amoskeag Bank. The note was secured by a mortgage on real property located in Laconia. The mortgage was recorded in the Belknap County Registry of Deeds. In August 1994, the note was acquired from the Federal Deposit Insurance Corporation, as receiver for Amoskeag Bank, by the plaintiff's predecessor in title. The Cadle Company subsequently acquired the note by assignment from Eagle Credit Resources, LLC, effective July 19, 2000, by an allonge dated December 18, 2004.

The defendant had defaulted on the note and in October 1993, the property was foreclosed upon by the plaintiff's predecessor in title. Pursuant to the power of sale conferred by the mortgage, the property was sold to a third party on November 18, 1993, for $97,000.00. The foreclosure deed conveyed the property free of any mortgage lien. No payment has since been made on the balance of the note.

In September 2004, the plaintiff brought suit to collect the outstanding deficiency on the note of $248,937.86. The defendant argued that the action was barred by the six-year statute of limitations applicable to negotiable instruments under RSA 382-A:3-118 (1994). The plaintiff argued that because there was an underlying mortgage securing the note that had not been discharged, the twenty-year statute of limitations relating to mortgages was applicable. *See* RSA 508:2 (1997).

The trial court ruled that "the 1993 foreclosure served to effectively discharge the mortgage by operation of law. Consequently, given that the mortgage has been discharged by virtue of the foreclosure, the plaintiff is not now entitled to proceed against the defendant on the Note." The court applied the six-year statute of limitations and, finding that the cause of action on the note arose on the date of the foreclosure sale in 1993, concluded that the defendant had "met his burden of demonstrating the plaintiff failed to bring its action within the required time period."

The plaintiff argues on appeal that the trial court erred as a matter of law by ruling that: (1) the foreclosure effectively discharged the mortgage by operation of law; (2) the plaintiff was not entitled to bring an action on the mortgage pursuant to the twenty-year statute of limitations provided

by RSA 508:2; (3) the plaintiff was not entitled to bring an action on the promissory note secured by a mortgage pursuant to the statute of limitations provided by RSA 508:6; and (4) the six-year statute of limitations provided by RSA 382-A:3-118 barred its action on the promissory note.

In reviewing a motion to dismiss, the standard we apply is "whether or not the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery." *LaRoche, Adm'r v. Doe*, 134 N.H. 562, 564 (1991). We scrutinize the facts contained on the face of the petition to determine whether a cause of action has been asserted. *Williams v. O'Brien*, 140 N.H. 595, 597 (1995). In doing so, we "assume the truth of the facts alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to him." *Harrington v. Brooks Drugs*, 148 N.H. 101, 104 (2002).

■ Pursuant to RSA 508:2, "No action for the recovery of real estate shall be brought after 20 years from the time the right to recover first accrued to the party claiming it or to some persons under whom he claims." RSA 508:6 (1997) provides: "Actions upon notes secured by a mortgage of real estate may be brought so long as the plaintiff is entitled to bring an action upon the mortgage." "When read in conjunction with RSA 508:2, . . . RSA 508:6 establishes a twenty-year statute of limitations for notes secured by mortgages on real property." *Del Norte, Inc. v. Provencher*, 142 N.H. 535, 537 (1997).

■ "Under [RSA 508:6], an action may be maintained on a note secured by a mortgage after the limitations period for an unsecured note has expired, even though the collateral is no longer available to satisfy the claim." *Phinney v. Levine*, 116 N.H. 379, 380 (1976). "Under the statute, the period for enforcing the mortgage does not depend on the limitations period for the note. Rather, the statute extends the time during which an action may be brought on the note." *Id.*

> If the mortgage were discharged so that no action could be maintained on it, then . . . the statute of limitations would run against the note. If the mortgage had been foreclosed and the note thereby paid, no action could be maintained on either. But *if the note remains unpaid by foreclosure of the mortgage* or otherwise, and the mortgage is not discharged, an action may be maintained upon the note . . . until such time as the statute of limitations might be properly pleaded to any action upon the mortgage.

*Alexander v. Whipple*, 45 N.H. 502, 505 (1864) (emphasis added).

The plaintiff argues that because the promissory note executed by the defendant was not satisfied by the proceeds of the 1993 foreclosure sale, the mortgage was not discharged. We agree. RSA 479:6 (2001) provides:

> Upon the performance of the acts stated in the condition of a mortgage and the payment of all damages and costs arising by reason of the nonperformance of such condition according to the terms thereof, or upon the legal tender of such performance and payment, the mortgage shall be void.

RSA 479:7, I (2001), provides: "When a mortgage upon real estate is satisfied, the mortgagee shall give the mortgagor a discharge thereof. Said discharge shall be in the form of a written document and shall be signed by the mortgagee, his executor, administrator, successor, or assign whose signature shall be witnessed or acknowledged . . . ."

We have consistently interpreted these statutes to mean that only upon performance of the conditions of a mortgage is it rendered void and a discharge compelled by the mortgagee. "It is well settled that nothing but payment in fact of the debt, or a release by the mortgagee, will discharge a mortgage." *Ladd v. Wiggin*, 35 N.H. 421, 426 (1857); *see Swett v. Horn*, 1 N.H. 332, 333 (1818). "The plaintiff is entitled to discharge of the mortgage only if she establishes that she has performed the obligation which the mortgage was given to secure." *Phinney*, 116 N.H. at 380; *see Wiggin*, 35 N.H. at 427.

> [A]lthough the mortgagee no longer has recourse to the property once it has been sold free and clear at a foreclosure sale, he may still assert, in an action against his debtor (the mortgagor), that where the covenants of the mortgage given to secure the note remain undischarged, the debtor waived the right to plead the statute of limitations for twenty years.

*Del Norte*, 142 N.H. at 539-40. We conclude that absent full payment of a note or an express discharge of the mortgage by the mortgagee, merely foreclosing upon the mortgage cannot void or discharge it by operation of law. Therefore an unpaid note remains actionable until the running of the statute of limitations on the mortgage. Accordingly, we hold that the trial court erred as a matter of law in ruling that foreclosure of the mortgage securing the promissory note effectively discharged the mortgage.

The defendant agreed at oral argument that the mere fact of foreclosure does not discharge the mortgage and that the trial court erred in reaching that conclusion. The defendant argues, however, that the applicable limitations period is found in RSA 382-A:3-118(a). There is no evidence in

this record that the note at issue is a negotiable instrument governed by Article 3 of the Uniform Commercial Code; nor does the defendant offer any support for his conclusion that the statute of limitations in Article 3 was intended to supplant that in RSA 508:6. Indeed, the trial court acknowledged that "were the plaintiff able to bring an action upon the mortgage, it would be entitled to the twenty (20) year statute of limitations under RSA 508:2." The plain language of RSA 508:6 makes the statute applicable to the specific category of notes that are secured by mortgages on real property which remain actionable, as in the case before us.

Because the note at issue in this case remains unpaid by foreclosure of the mortgage and the mortgage has not been discharged, we hold that the twenty-year statute of limitations applies. Therefore, "the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery." *LaRoche*, 134 N.H. at 564.

*Reversed and remanded.*

DALIANIS, DUGGAN and GALWAY, JJ., concurred.